### EDMUND S. HOLBROOK
*v.*
### ELLEN FELLOWS.

1. TAX TITLE—*necessity of notice.* If an officer executes a deed for land under a sale for taxes, without notice having been given to the person in whose name the land was taxed, by personal service thereof if he resides in the county, or, if not, then by publication, informing him of the time of the sale, and when the time for redemption will expire, such deed will be entirely unwarranted, and inoperative to convey a title.

2. SAME—*proof of notice, whether necessary.* And proof that such notice has been given is essential to the admissibility of a tax deed in evidence.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JESSE O. NORTON, Judge, presiding.

This was an action of ejectment instituted in the court below by Edmund S. Holbrook against Mathias L. Cook, and Ellen Fellows was let in to defend as landlord. A trial resulted in a verdict and judgment for the defendant. The plaintiff brings the case here upon writ of error.

The only question arising in the case is, whether it is essential to the admissibility of a tax deed in evidence, that there should be proof of notice given to the person in whose name the land was taxed, informing him of the time of the sale for taxes and when the time of redemption will expire.

Mr. E. S. HOLBROOK, *pro se.*

Mr. H. SNAPP, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court: .

This was an action of ejectment, brought by Holbrook against one Cook, for the recovery of a lot of ground in the City of Joliet. On an application made to the court, defendant in error was, as landlord of Cook, admitted to defend the suit. On the trial below, plaintiff in error produced and read in evidence a patent to James B. Campbell for the land ; a certified copy of a decree of the District Court of the United States for the State of Illinois, declaring Campbell a bankrupt, and appointing William C. Bostwick his assignee; also the fifty-first rule in Bankruptcy regulating sales of real estate of bankrupts under decrees of the court; and a deed from Bostwick to plaintiff for the property in controversy. All of this evidence was introduced without objection by defendant.

To overcome this evidence of title in plaintiff, defendant offered and read in evidence, against plaintiff's objections, a tax deed executed by the Mayor of the city, dated the 27th day of April, 1859. We only propose to consider one objection raised to the admission of this deed, and that is a want of notice to the former owner of the lot, that it had been sold for taxes. The fourth section of article nine of our Constitution has declared, that a purchaser of any land or town lot at any sale of lands or town lots for taxes, due either to the State, any county, any incorporated town or city, shall not be

29—38TH ILL.

entitled to a deed for such lands or town lot, unless such purchaser shall serve, or cause to be served, a written notice of such purchase, on every person in possession, three months before the expiration of the time of redemption on such sale, in which shall be stated the time when the sale was made, a description of the land or lot, and when the time to redeem will expire. Also a similar notice on the person or persons in whose name the land or lot is taxed, if such person shall reside in the county where the land is situated. And if such person shall not reside in the county, such purchaser shall publish such notice in some newspaper printed in such county, which notice shall be inserted three times at least, the last not less than three months before the time for redemption shall expire. It also requires the purchaser or his agent to make an affidavit of having complied with the requirements of that section before the purchaser shall be entitled to receive a deed for the property.

In this case no such notice was proved to have been given, by the production of such an affidavit, or otherwise. This proof was indispensable to the validity of the deed. If executed by the officer without such notice having been given, it was entirely unwarranted and inoperative to convey any title. This is a constitutional provision, and it is also required by the 11th section of the Charter of the City of Joliet. (Private laws, 1857, p 214.) In proceedings of this character, intended for the summary divestiture of title, a strict compliance with the requirements of the law has always been deemed essential. In the absence of such notice the deed was no evidence of title, and was, therefore, inadmissible, and should have been excluded. Defendant having failed to make such proof, the court erred in overruling the motion for a new trial.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*