## EDMUND S. HOLBROOK

### *v.*

## ELLEN FELLOWS DICKINSON.

1. TAX TITLES—*proceedings must be regular.* To recover under a tax title, the plaintiff must show a valid judgment, a valid precept authorizing the sale, and a sufficient deed from the proper officer. These requirements are indispensable, and none of them can be dispensed with or omitted on the trial.

2. In the sale of town lots for taxes, the law must be strictly pursued in all its material requirements.

3. The 14th section of the city charter of Joliet (private laws of 1857, p. 215,) declares that a deed on a sale for city taxes and special assessments, shall be *prima facie* evidence of certain facts, and conclusive of others. Among the latter is one, that the sale was conducted in the manner required by law. The charter prescribed no mode of selling except under the order of the council, having left all other things to be regulated by the city ordinances, the same as to the mode of assessment, advertisement and other necessary steps. In all these matters, the person claiming under the deed must prove that by-laws were adopted for the purpose by the city, and had been pursued in making the sale.

4. The party resisting a tax title can show by rebutting evidence, and he can show it in no other way, that the assessment was unconstitutional; and if he should show that, it would, in effect, be to show that no assessment was made.

5. ASSESSMENTS. In taxation, equality and uniformity are indispensable to its constitutionality.

6. An assessment upon the size or width of the front of a lot, without reference to its value, is invalid, being in violation of the principle of equality and uniformity.

APPEAL from the Circuit Court of Will county ; the Hon.
J. McROBERTS, Judge, presiding.

This was an action of ejectment, instituted in the Circuit
Court of Will county, by Edmund S. Holbrook against
Mathias L. Cook, and Ellen Fellows, afterwards intermarried
with Charles Dickinson, was let in to defend as landlord. A
trial resulted in a verdict and judgment for the defendant.
The plaintiff brought the case to this court by appeal.

The case was previously before the Supreme Court, and is
reported in 38 Ill. 440. The main facts of the case are the
same now as then.

The only questions presented by the record are stated in the
opinion.

Mr. E. S. HOLBROOK, *pro se.*

Mr. E. C. FELLOWS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the court :

This case was previously before this court, and is reported
in 38 Ill. 440 , and the main facts of the case were the same
then as now. There are some facts in the case now, however,
that were not then before the court, and several questions
are now presented, that were not then considered. It is urged,
that the appellee was bound to produce an order of the city
council, for the sale of the land for this assessment, before the
tax deed could be introduced and relied upon as title; that
such an order, like a judgment for ordinary taxes, is the foun-
dation, and indispensable to the validity of a sale. The charter
requires that such an order shall be entered of record, before
a sale could be made. It has been held, to recover under a
tax title, the plaintiff must show a valid judgment, a valid
precept authorizing the sale, and a sufficient deed from the

proper officer.    These requirements are indispensable, and none of them can be dispensed with, or omitted on the trial. *Atkins* v. *Hinman*, 2 Gilm. 437 ; and in the case of *Dukes* v. *Rowley*, 24 Ill. 221, it was also held that he must show that the collector's report and certificate of advertisement were recorded, upon which the judgment was rendered.

It was held in the case of *Fitch* v. *Pinckard*, 4 Scam. 69, that on a sale of town lots for taxes, it must appear that every material requirement has been complied with in order to sustain the sale.    Thus it will be seen, that in the exercise of such a power, the law must be strictly pursued in all of its material requirements.    The 14th section of the city charter of 1857 (private laws, 215), declares that a deed on a sale for city taxes and special assessments, shall be *prima facie* evidence of certain facts, and conclusive of others.    Among the latter, is one that the sale was conducted in the manner required by law.    In this case, the law has prescribed no mode of selling, except under the order of the council, having left all other things to be regulated by the city ordinances ; so of the mode of assessment, advertisement, and other necessary steps.    In all of these matters, the person claiming would most assuredly be required to prove that by-laws were adopted for the purpose by the city, and had been pursued in making the sale.    If there was no law, then there could be no assessment, levy or sales.    The whole proceeding would be unauthorized and void.

Again, there would seem to be no doubt, that appellant could show by rebutting evidence, and he could show in no other way, that the assessment was unconstitutional.    And if he should show that, it would, in effect, be to show that no assessment was made, as an act in conflict with the organic law is the same as if it had not been done.    It is insisted, that this assessment is liable to the same objection as that in the *City of Chicago* v. *Larned*, 34 Ill. 203.    In that case, it was held, that in taxation, equality and uniformity were indispensable

to its constitutionality, and that the same principle applied to assessments for public improvements, and that an assessment upon the size or width of the front of a lot, without reference to its value, was invalid, being in violation of the principle of equality and uniformity. This question was again before the court in the case of the city of *City of Ottawa* v. *Spencer*, 40 Ill. 211, when the rule was again recognized and applied. It then follows, that if this assessment was made in this manner, it was unauthorized, and if so, a sale of the lots for its enforcement was void, and appellant had the right to rebut the evidence of appellee by showing the fact. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*