## PORTIA GAGE

*v.*

## WILLIAM M. BAILEY *et al.*

*Filed at Ottawa November 10, 1881.*

1. TAX SALE—*notice to owner or occupant essential to validity of tax deed.* Sec. 5 of art. 9 of the constitution of 1870, guarantees the right of redemption from sale for taxes or special assessments for the period of two years, and that occupants of the premises sold shall in all cases be served with notice before the time of redemption expires. This is fundamental, and a compliance with it is an indispensable condition precedent to the right to acquire a tax deed.

2. SAME—*when publication is sufficient.* To make notice by publication sufficient to authorize a deed for land sold for taxes or special assessments, it must be shown that no one is in the actual possession of the premises at the time of the publication. An affidavit made more than five months before the expiration of the time of redemption, that no one was in possession of the premises, and that they were vacant and unoccupied at that time, is not sufficient to authorize publication by notice to the owner in a newspaper.

3. SAME—*sufficiency of notice of purchase.* A notice by publication of a purchase of land for taxes, which states that the time of redemption will expire on October 26, 1876, when it does not expire until November 6, 1876, is fatally defective.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

This was a bill filed in the circuit court of Cook county by William M. Bailey, George B. Ruggles and Amasa M. Eaton, trustees under the will of Sarah B. Eaton, deceased, praying that a certain tax deed executed by the clerk of the county court of Cook county to Portia Gage, dated February 14, 1877, be set aside and cancelled as a cloud on the title of defendants in error. The circuit court, on a hearing, granted the relief prayed for, setting aside the tax deed, to reverse which decree the cause is brought to this court.

Mr. AUGUSTUS N. GAGE, and Mr. HENRY D. BEAM, for the plaintiff in error:

1. Even in a direct proceeding, by appeal, to reverse the judgment, error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, will not vitiate the tax or assessment. Rev. Stat. 1874, p. 890, secs. 190, 282; *Buck* v. *The People,* 78 Ill. 561; *Thatcher* v. *The People,* 79 id. 597; *Purrington* v. *The People,* id. 11; *Enright* v. *The People,* id. 214; *Chiniquy* v. *The People,* 78 id. 570; *Wright* v. *The People,* 87 id. 582; *Beers* v. *The People,* 83 id. 488.

2. Even in a direct proceeding, by appeal, to reverse the judgment of the county court, it will be presumed that the taxes are properly and legally assessed, and are legally and justly due, in the absence of proof to the contrary. The collector's list and report of delinquent lands, in the manner prescribed by statute, entitles him to judgment, unless the tax-payer satisfactorily shows that the taxes have been paid, or some other legal defence going to the merits. *Beers* v. *The People,* 83 Ill. 488; *Buck* v. *The People,* 78 id. 566.

3. The collector's return is of itself evidence, and ample evidence, of the assessment, the levy of the tax, and that it is due and unpaid. *Chiniquy* v. *The People,* 78 Ill. 574.

4. The judgment of the county court is *in rem,* and its adjudication is *res adjudicata,* and no collateral attack thereon can be made,—the complainants are estopped. Rev. Stat. ch. 120, sec. 191; Bigelow on Estoppel, (2d ed.) ch. 4, pp. 140–150; *Chesnut* v. *Marsh,* 12 Ill. 173; *Mayo* v. *Ah Loy,* 32 Cal. 479; *Porter* v. *Purdy,* 29 N. Y. 106; *The People* v. *Brislin,* 80 Ill. 423; *C. and N. W. R. R.* v. *People,* 83 id. 467; *Andrews* v. *People,* 84 id. 28; *Graceland Cemetery* v. *People,* 92 id. 619; *Griffith* v. *Bogart,* 18 How. 158; *Gray* v. *Brignordello,* 1 Wall. 627; *Pidgeon* v. *People,* 36 Ill. 249; *Spellman* v. *Curtenius,* 12 id. 409; *Olcott* v. *People,* 5 Gilm. 481; *Brown*

v. *Joliet*, 22 Ill. 123; *People* v. *Nichols*, 49 id. 517; *St. John* v. *City of East St. Louis*, 50 id. 92; *Atkins* v. *Hinman*, 2 Gilm. 437; Starkie on Evidence, secs. 320, 350, 380, 372; *Crandson* v. *Leonard*, 4 Cranch, 434; *Galston* v. *Hoyt*, 13 Johns. 561; 3 Wheat. 246; *McCahill* v. *Ins. Co.* 26 N. J. Equity, 531; *Bradstreet* v. *Neptune Ins. Co.* 3 Sumner, 600; *Young* v. *Thompson*, 14 Ill. 380; *Young* v. *Lorain*, 11 id. 624; *Hobson* v. *Ewan*, 62 id. 146; *Conover* v. *Musgrave*, 68 id. 58; *Osgood* v. *Blackmore*, 59 id. 261; *Prescott* v. *Chicago*, 60 id. 121; *Feaster* v. *Fleming*, 56 id. 457; *Thompson* v. *Morris*, 57 id. 333; *Rogers* v. *Higgins*, id. 244; *Karnes* v. *People*, 73 id. 274; *Zepp* v. *Hager*, 70 id. 223; *People* v. *Gray*, 72 id. 343; *Mulford* v. *Stalzenback*, 46 id. 303.

Mr. J. P. ALTGELD, and Messrs. PECKHAM & BROWN, for the defendants in error:

1. The town tax of the town of West Chicago, for the year 1872, and which formed a part of the sum for which the land was sold, was absolutely void.

2. The sale was void because it was held on a different day from that fixed by statute, and the record nowhere shows an adjournment.

3. No sufficient notice was given before taking out a deed. The tax was never levied by the town authorities, and the county board failed to levy it as it was then required by law. See art. 13 of the Township law, sec. 124; Rev. Stat. ch. 39, sec. 4, art. 4; *Wisner* v. *Bullard*, 43 Ill. 471; *Purrington* v. *People*, 79 id. 11.

The cases cited by plaintiff in error simply hold that the judgment of the county court cures formal matters. This question is not new. It was settled in *McLaughlin* v. *Thompson*, 55 Ill. 249; *Belleville Nail Co.* v. *People*, 98 id. 399.

The third ground urged for holding the deed void was, that there was no sufficient notice given of the expiration of the time of redemption from the sale.

Notice was given *only* by publication.   No personal notice was given to anybody.   Three affidavits were filed before taking out the deed, viz: the affidavits of Edward L. Couch, W. R. Morley and Asahel Gage, neither of which makes a case for publication.

The land, at the time the notice should have been given, was owned by Joseph J. Blanchard, who was then, and had been for some years, engaged in business in Chicago, and could easily have been found.   At the same time, one John Johnston, Jr., who also lived in the city, held a trust deed on the land which was subsequently foreclosed and under which defendants in error acquired title.   But no attempt was made to serve either the owner or the trustee with notice, nor was any reason given for not doing so.   See sec. 5, art. 9, const. of 1870, and Rev. Stat. 1874, p. 893, secs. 216, 217.

If any notice could then have been given to owners and parties interested that would have been legal, it must have been such a notice as the common law would recognize, viz, personal notice.   Now, as no such notice was given or attempted to be given to Blanchard, the owner, nor to Johnston, the trustee, although both were at the time engaged in business in Chicago and could easily have been found, the deed must be held to be void.   *Wilson* v. *McKennon,* 52 Ill. 43; *Barnard* v. *Hoyt,* 63 id. 341; Cooley on Taxation, 336.

But the notice as published was void for the further reason that it did not correctly state the date when the time for redemption would expire.   It stated that the time for redemption would expire October 26, 1876.   This would have been correct had there been no subsequent sale of the property for taxes.

On the proposition that if a court of chancery found this tax deed void and a cloud on the title, it might set it aside, we cite, Rev. Stat. 1874, ch. 22, sec. 50; *Wing* v. *Sherer,* 77 Ill. 200; *Emery* v. *Cochran,* 82 id. 65.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill by defendants in error against plaintiff in error, to set aside a deed made under a certain sale for taxes as a cloud upon the title of defendants in error.

Section 5, of article 9, of the constitution of 1870, provides: "The right of redemption from all sales of real estate for the non-payment of taxes or special assessments, of any character whatever, shall exist in favor of owners and persons interested in such real estate for a period of not less than two years from such sales thereof. And the General Assembly shall provide by law for reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire: *Provided,* that occupants shall in all cases be served with personal notice before the time of redemption expires."

For the purpose of executing this section, it is enacted in section 216, chapter 120, Rev. Stat. 1874, as follows:

"Sec. 216. * * * Such purchaser or assignee shall serve or cause to be served a written or printed, or partly written and partly printed, notice of such purchase on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, if, upon diligent inquiry, he can be found in the county, at least three months before the expiration of the time of redemption on such sale; in which notice he shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased, for what year taxed or specially assessed, and when the time of redemption will expire. If no person is in actual possession or occupancy of such land or lot, and the person in whose name the same was taxed or specially assessed, upon diligent inquiry can not be found in the county, then such person or his assignee shall publish such notice in some newspaper

printed in such county, and if no newspaper is printed in the county, then in the nearest newspaper that is published in this State to the county seat of the county in which such land or lot is situated; which notice shall be inserted three times, the first time not more than five months, and the last time not less than three months before the time of redemption shall expire."

In the present case, the property belonged, at the time it was sold for non-payment of taxes, and for some time afterwards, to one Joseph J. Blanchard, but it was assessed as belonging to an unknown owner, and no personal notice by the purchaser at the tax sale of the time when the period of redemption from such sale would expire was served upon any body.

On the 2d day of March, 1876, one Edward L. Couch made and subscribed an affidavit, in which he deposed that he was the agent of Asahel Gage, the purchaser at the tax sale, and that as such agent he visited the premises in controversy on the 23d day of November, 1875, for the purpose of serving notice of the purchase of the property at the tax sale, and when the period of redemption would expire, upon the occupant, but there was no person in possession of the premises, and that the premises were vacant and unoccupied, and had been so for more than three months previous to that date.

On the 31st of May, 1876, one W. R. Morley also made and subscribed an affidavit, in which he deposed that he also was the agent of Asahel Gage, the purchaser at the tax sale; that as such agent he visited the premises in controversy on the 15th day of May, 1876, for the purpose of serving notice, the same as alleged by Couch in his affidavit, on the occupant, but there was no person in possession of said premises; that he is acquainted with said premises, and that the same were vacant, unoccupied, and in the possession of no person at that time and for more than thirty days previous.

Asahel Gage made and subscribed his affidavit on the 14th of February, 1877, in which he deposed that he purchased the property in controversy at the tax sale, and caused to be published a notice, which will hereafter be referred to. He states nothing in regard to the premises being unoccupied.

There is no proof in the record, by affidavit or otherwise, that diligent, or indeed any, inquiry was made to find the owner of the property. The property was sold on the 26th of October, 1874, and, of course, two years from that time would expire October 26, 1876. But on November 6, 1874, the record also shows the same property was sold for the city taxes of the city of Chicago for the year 1873, and it is provided by section 211, chapter 120, Revised Statutes 1874: "If any purchaser of real estate sold for taxes or special assessments, shall suffer the same to be again sold for taxes or special assessments before the expiration of the last day of the second annual sale thereafter, such purchaser shall not be entitled to a deed for such real property until the expiration of a like term from the date of the second sale, during which time the land shall be subject to redemption, upon the terms and conditions prescribed in this act." * * *

It will be observed the section of the constitution we have quoted guarantees the right of redemption for the period of two years, and that occupants shall in all cases be served with notice before the time of redemption expires, and this is fundamental, and compliance with it is an indispensable condition precedent to the right to make a deed. *Holbrook* v. *Fellows*, 38 Ill. 440.

The notice required by section 216, chapter 120, Rev. Stat. *supra,* it will be remembered, is to be by publication,—the first not more than five months and the last not less than three months before the time of redemption shall expire,—but no publication is to be made until it shall be made to appear that no person is in the actual possession or occupancy of the land or lot, and the person in whose name the same was taxed,

upon diligent inquiry can not be found.   This can, of course, only mean that no person is in the actual possession at the time of the publication, for the important and controlling requirement is, the occupant shall have notice.   If there is an occupant, he must have personal notice, and there can be no presumption of the sufficiency of notice by publication until it is excluded that when it was made there was no occupant.   Now, the affidavits here fall short of showing that there was no occupant up to within five months of the expiration of the time of redemption.   The time of redemption, we have seen, expired November 6, 1876, and five months before that time would be June 6, 1876.   But Couch's affidavit was made on the 2d of March, 1876; and that of Morley on the 31st of May, 1876, and of course neither can be accepted as proof of anything that transpired subsequent to the time it was made.

But the notice itself is liable to objection.   It stated the time for redemption would expire October 26, 1876, instead of November 6, 1876, and this was held fatal in *Wilson et al.* v. *McKenna*, 52 Ill. 43, and *Barnard* v. *Hoyt*, 63 id. 341.

The judgment is affirmed.

*Judgment affirmed.*