PORTIA GAGE *et al.*

*v.*

ANNIE M. REID *et al.*

*Filed at Ottawa May 15, 1886.*

1. TAX TITLE—*of the notice, to authorize a tax deed to be issued.* Land. belonging to Reid & Sherwin, a firm composed of John Reid and Joseph Sherwin, was assessed to "Reid & Sherwin" for the year 1868, and in 1869 it. was sold for the taxes of 1868. *James* Sherwin, and Mary Sherwin, his wife,. occupied the premises, by residence, continuously, from before 1868 up to 1879. The affidavit of service of notice of the time when the redemption would expire, showed that on the first day of April, 1871, the affiant served. the same on "Reid & Sherwin," by handing the same to *Joseph* Sherwin, one of the firm, etc.: *Held,* that this was not good service even as to Reid, and there was no pretence of any service as to James Sherwin and Mary Sherwin, so that a tax deed made under these circumstances was made in violation of the constitution and the statute, and was therefore voidable, as a cloud on the title of the true owner.

2. A tract of land was sold, in 1875, for the taxes of 1874, and the proof showed that John Reid died intestate May 9, 1873, seized in fee of the one undivided half thereof, leaving him surviving,. Cecilia, his widow, and Joseph J. and Annie M. Reid, his children and only heirs at law, and that such widow and heirs resided together on the premises, and continued in the actual occupancy of the same from the time of the sale until the tax deed. was made. The only evidence of the service of notice prior to the making: of the deed was in affidavits showing service of such notice upon Mary and James Sherwin, D. O'Hara, Joseph Sherwin and Asahel Gage, there being: no proof of service upon Cecilia, Annie M. or Joseph J. Reid, or upon one H., one of the persons in whose name the property was assessed: *Held,* that the tax deed was colorable, merely, and voidable, for want of due service of notice of the tax sale, etc.

3. SAME— *limitation as to time for taking out deed — of delay not chargeable to the purchaser.* The statute provides that unless the holder of: a certificate of purchase of land for taxes shall take out his deed thereon and file the same for record within one year after the expiration of the time of redemption, such certificate or deed, and the sale on which it is based, shall be absolutely void; but the time he is prevented from taking out his deed, by injunction or order of any court, or by refusal of the clerk to make the same, shall be excluded from the computation of such time. The courts are not authorized to extend the exceptions to this statute to other cases than those. named.

4. CHANCERY—*grounds of defence arising pending suit—how availed of.* If, during the pendency of a bill to set aside tax deeds as clouds upon the complainant's title, such title has passed to the defendant by sheriff's sale and deed, that fact, when not set up by plea, can not be taken as a bar to the relief sought. The court can not consider evidence not pertinent to any issue under the pleadings.

5. ASSIGNMENT OF ERROR—*upon a decree favorable to the party complaining.* A party can not assign for error that which does him no injury. So where a tax deed is set aside as a cloud on title, a decree making the taxes, etc., advanced by the defendant, an equitable lien on the land, is a benefit to the defendant, giving him an additional security, and he can not assign this for error.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellants:

The second tax deed to Asahel Gage is a perfectly valid title. Henry H. Gage, as agent for Asahel Gage, applied for a deed to his principal, but the clerk, without authority, issued the same to H. H. Gage. This was in apt time, and had it been issued to Asahel Gage there could be no question of its validity. The mistake was not discovered until after the lapse of one year. If compellable by *mandamus* to issue the deed to the proper person, he might do so voluntarily. *Klokke* v. *Stanley*, 109 Ill. 192.

The sheriff's sale and deed deprived the complainant of all interest in the subject matter of the litigation, and hence the court could not properly grant any relief on this bill. There is no difference in principle between this and a case of a voluntary assignment, where the transfer of the interest would bar a recovery. *Smith* v. *Brittenham*, 109 Ill. 540; *Herrington* v. *Hubbard*, 1 Scam. 569; 1 Daniell's Ch. Pl. and Pr. 281.

Advantage of this defect may be taken at hearing or on error. 1 Daniell's Ch. Pl. and Pr. 287; *Prentice* v. *Kimball*, 19 Ill. 230; *Conwell* v. *Watkins*, 71 id. 488.

The decree should have required appellees to pay the amount found due appellants, into court, and it should not

have provided, in case this was not done, the amount should be an equitable lien.

Mr. JAMES R. MANN, and Mr. JOSIAH H. BISSELL, for the appellees:

The tax deed to Portia Gage is invalid, for want of judgment and precept to support it, and for non-compliance with the statute as to the service of notice.

To sustain a tax deed, a valid judgment and precept must be shown. *Gage* v. *Lightburn*, 93 Ill. 248; *Hinman* v. *Pope*, 1 Gilm. 151; *Atkins* v. *Hinman*, 2 id. 437; *Bailey* v. *Doolittle*, 24 Ill. 567; *Dukes* v. *Rowley*, id. 210; *Holbrook* v. *Dickinson*, 46 id. 285.

There was no service of notice on the parties in possession, nor upon the persons in whose name taxed.

The error in making the sum due from appellees, a lien on the land, is one that affects injuriously only the rights of appellees, and they alone can assign the matter for error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case was before this court in *Gage et al.* v. *Reid et al.* 104 Ill. 509, where a full statement of the case, as then presented, will be found. After the case was remanded, pursuant to the judgment of this court as then rendered, the bill was amended in the respects then held defective, and the circuit court, on the hearing, thereafter decreed that the three tax deeds in the amended bill described,—namely, one to Portia Gage, dated February 27, A. D. 1872, one to Asahel Gage, dated August 30, A. D. 1878, and one to Asahel Gage, dated January 16, A. D. 1884,—be canceled, and set aside as colorable and voidable, upon the complainants paying to the holders of such deeds certain amounts which the decree finds and recites to be due to them, on account of taxes, penalties, interest and costs, etc. And the decree, afterwards, contains this clause, also: "And in case the said complain-

ants, or other parties to this suit, shall not comply with the order herein, in this regard, then, in that case, the said sums of money so found to be due to the said defendant, as aforesaid, shall be, and it is hereby declared and decreed to be, an equitable lien upon the whole of said premises for the amounts thereof, respectively, with interest thereon, at the rate of six per cent per annum, from the date of this decree."

The respects wherein it is argued that the circuit court erred, are, first, in holding the titles of appellants colorable and voidable; second, in holding that appellees have a sufficient interest to warrant a decree in their favor; and third, in adding the clause to the decree, as just recited. It will be convenient to consider these points in the order stated.

*First*—It is provided in section 5 of article 9 of our constitution, that, in case of sales for taxes, occupants shall in all cases be served with personal notice before the time of redemption expires. And section 216 of the Revenue act, in force July 1, 1874, provides: "Hereafter no purchaser, or assignee of such purchaser, of any land, town or city lot, at any sale of lands or lots for taxes or special assessments, due either to the State or any county, or incorporated town or city within the same, or at any sale for taxes or levies authorized by the laws of this State, shall be entitled to a deed for the lands or lots so purchased, until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written and printed, notice of such purchase on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he can be found in the county."

The tax deed to Portia Gage is under a sale made in A. D. 1869, for the taxes due for the year A. D. 1868. The property was then owned by and assessed in the name of Reid & Sherwin, a firm composed of John Reid and Joseph Sher-

win. Cecilia Reid testified, that her father, James Sherwin, and her mother, Mary Sherwin, resided on this property, continuously, for a period of twenty-five years, up to and next preceding the death of her father, which occurred in August, 1879,—they were in possession in 1868, and never left there. No one contradicts this testimony. The only evidence of the service of notice prior to the making of this deed, is in the affidavit of U. George Taylor, who testifies that he served a notice on Reid & Sherwin on the first day of April, A. D. 1871, by handing the same to Joseph Sherwin, one of the firm, etc. This was not even good service as to Reid, and there can be no pretence that it was any service as to James Sherwin and Mary Sherwin. The deed to Portia Gage, therefore, was clearly made in violation of the constitution and of the statute, and was colorable, only, and therefore voidable.

The tax deed to Asahel Gage, dated August 30, A. D. 1878, is one on a sale made in A. D. 1875, for the taxes due in A. D. 1874. The record shows that John Reid died intestate on the 9th day of May, A. D. 1873, seized in fee of the undivided one-half of the property, leaving surviving him Cecilia Reid, his widow, and Joseph J. Reid and Annie M. Reid, his children and only heirs at law; and that Cecilia Reid, Joseph J. Reid and Annie M. Reid, resided together in a house upon this property, and were in the actual occupancy of the property from the time the sale was made until the deed was made. The only evidence of the service of notice prior to the making of this deed, is in affidavits showing service of such notice upon Mary Sherwin, James Sherwin, D. O'Hara, Joseph Sherwin and Asahel Gage: There is no evidence of service of notice upon Cecilia Reid, Annie M. Reid or Joseph J. Reid, nor upon John J. Hawley, one of the persons in whose name the property was assessed. This deed, therefore, was also made in violation of the constitution and of the statute, and was colorable and voidable.

The tax deed to Asahel Gage, dated January 16, A. D. 1884, is under a sale made on the 11th of October, A. D. 1878, a little more than five years and three months intervening. It was then, and still is, provided by section 225 of the Revenue act, in force July 1, 1874, (Rev. Stat. 1874, p. 895): "Unless the holder of the certificate for real estate purchased at any tax sale under this act, takes out the deed as entitled by law, and files the same for record, within one year from and after the time for redemption expires, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null. If the holder of such certificate shall be prevented from obtaining such deed, by injunction or order of any court, or by the refusal of the clerk to execute the same, the time he is so prevented shall be excluded from the computation of such time." The excuse for non-compliance with this section is, that the clerk, by mistake, made a deed in apt time to one Henry H. Gage, and that this deed was made to correct that mistake. The evidence shows that the certificate upon which the deed to Henry H. Gage was made, was formally assigned, in blank, by Asahel Gage; that the deed was made upon the application of Henry H. Gage, and the evidence fails to show that the clerk made any mistake in making the deed to Henry H. Gage. But if there was a mistake made by the clerk, Gage had notice of it upon receipt of the deed, and in ample time to have the mistake corrected within the year. There is no pretence that Gage was prevented from obtaining his deed within the year, by the refusal of the clerk, either actually or constructively, and we are not authorized to extend the exceptions to others than those enumerated in the section.

It follows, that we entirely concur with the ruling of the circuit court in regard to the tax deeds. Other objections than those we have considered, were urged to these deeds, but as to them we express no opinion, deeming it unnecessary to do so.

*Second*—It is claimed, under this point, that the evidence shows that the title of the complainants has passed to Gage, by virtue of a sheriff's sale and deed, since the suit has been pending. Nothing of this kind is disclosed by the pleadings, and the evidence is pertinent to no issue under the pleadings. If it was desired to avail of this defence, it should have been brought forward by plea.

*Third*—It is enough to say that the clause in the decree objected to does appellant no harm. It gives him an additional security for the payment of the amount due him. If the other side do not object to this,—and they have urged no objection here,—he can not do so. No rule is better established than that a party can not assign for error that which does him no injury.

The decree is affirmed.

*Decree affirmed.*