FRANK S. WRIGHT, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. TAX DEEDS—*statute requiring notice to occupant of premises must be strictly followed.* Section 216 of the Revenue law, providing that before a tax deed is issued to the purchaser of land at a tax sale such purchaser shall serve, or cause to be served, a notice on every person in actual possession or occupancy of the land, if upon diligent inquiry they can be found in the county, at least three months before the expiration of the period of redemption, must be strictly complied with.

2. SAME—*when affidavit that owner of premises could not be found upon diligent inquiry is overcome.* A statement in an affidavit by the purchaser of land at a tax sale that personal notice was not served because the person in the possession or occupancy of the premises could not, upon diligent inquiry, be found in the county, is overcome by testimony of the owner of the legal title that he resided on the premises in question for four years, which covered the entire period of redemption, during which time his name was in the city directory, showing that he resided on the premises, and that during the spring and summer of each year he was in the city all the time except Saturdays and Sundays.

3. SAME—*what is meant by words "diligent inquiry," as used in section 216 of Revenue act.* The words "diligent inquiry," used in section 216 of the Revenue act with reference to service of personal notice upon the occupant of premises sold for taxes, mean what an ordinary business man or other person would understand them to mean if he sent an employee to a certain house to find the occupant, and it cannot be said that an employee would discharge his duty in that regard if he went to the house on Saturdays and Sundays, only.

4. SAME—*what amounts to such tender as justifies charging subsequent costs to defendant.* If, after notice that tender will be made in open court, the defendant fails to appear, upon which the court orders the money due the defendant and the unknown owners to be deposited with the clerk, which is done and notice given to the defendant of such deposit, there is a sufficient tender to justify charging the defendant with subsequent costs.

APPEAL from the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

WILLIAM GIBSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree entered in the superior court of Cook county setting aside a tax deed on property which appellee, Frank S. Wright, alleged in his bill that he owned and occupied. Jacob Glos, one of the defendants, answered said bill, denying, generally, the allegations and demanding strict proof. August Timke, another defendant, was defaulted, but thereafter the default was vacated and Timke's answer filed. The cause was referred to a master in chancery, who heard the evidence and reported, recommending that the tax deed be set aside.

Counsel for appellant first contends that the decree of the superior court erroneously set aside the tax deed, as the proof does not show that such deed was invalid. This contention is based, in part, upon the alleged insufficiency of the clerk's certification as to what the records of his office showed concerning the tax sale and tax deed. That certificate, after setting out that the county clerk was the keeper of the records, certified that the foregoing "is a true copy of such parts of the application for tax deeds filed June 30, A. D. 1909, and August 3, A. D. 1909; also a true copy of the certificates of sale upon which tax deed No. 9541H was issued, all of which appears from the records and files in my office." Counsel argues that from this certificate it does not appear what parts of the application were copied or to what the word "such" relates. It appears from the record that the application for tax deeds and the certificates of sale cover numerous pieces of property, upon which any number of deeds were issued under the one application, but that the appellee herein is interested in only one tax deed. It must be admitted that the certificate is awkwardly worded, but, taken in connection with that part of the record to which it was appended when offered in evidence, it is manifest that its meaning is that

the foregoing is a true copy of such parts of the application for tax deeds as apply to tax deed No. 9541H, and also a true copy of the certificate of sale upon which that tax deed was issued. Appellant was not misled in any way by the wording of the certificate. Indeed, his counsel did not object to the introduction of this certificate or call attention to any defect in it on the trial. The record to which this certificate was attached clearly showed the invalidity of the tax deed, and the meaning of the certificate cannot, in our judgment, be misunderstood.

Counsel further contends that the evidence does not establish the allegation of the bill and finding of the decree that there was no service of notice upon the persons in possession during the redemption period, as required by law. Section 216 of the Revenue act requires that before a tax deed is issued to the purchaser of land under a tax sale such purchaser shall serve or cause to be served a written or printed, or partly written or partly printed, notice of such purchase "on every person in actual possession or occupancy of such land or lot * * * if upon diligent inquiry, he or she can be found in the county, also, the owners of or parties interested in said land or lot * * * if they can upon diligent inquiry be found in the county, at least three months before the expiration of the time of the redemption on such sale." (Hurd's Stat. 1913, p. 2062.) It appears from the affidavits in the record by Glos and Timke that personal notice was not served upon appellee, because those affidavits assert that "upon diligent search and inquiry" he could not be found in Cook county, Illinois. Appellee testified that he resided upon this property from 1906 to 1910, inclusive, occupying it as his home during all those years, the building thereon being a three-story and basement brown-stone residence; that his name during all those years was in the Chicago city directory, showing that he resided upon the property in question; that during the spring and summer of each of the years in question he was

in Chicago all the time, except week ends, going Saturday and Sunday to a little place that he owned in the country. The tax deed in this case was issued upon a sale of the premises made October 15, 1906, and the time of redemption would expire October 15, 1908. The notice required under section 216 of the revenue statute should have been served at least three months before such expiration.

Counsel for appellant argues that the testimony of appellee does not satisfactorily show that appellee was in the actual possession of the premises in question during the time the notice should have been served, as he states he was away from home Saturday and Sunday; that the affidavits of Glos and Timke might be true that they had made diligent inquiry and could not find appellee in the county. The provisions of this statute must be strictly complied with before the purchaser is entitled to have the tax deed issued to him. (Cooley on Taxation,—2d ed.—536; *Conway* v. *Cable*, 37 Ill. 82.) This court has held that notice served upon the husband of the owner is invalid; (*Cotes* v. *Rohrbeck*, 139 Ill. 532;) that attempted service on one member of a firm by handing it to another member of the firm does not satisfy the statute; (*Gage* v. *Reid*, 118 Ill. 35;) that the important and controlling requirement of the statute is that the occupant shall have personal notice; that there can be no presumption of the sufficiency of the notice of publication until it is satisfactorily shown that when the publication of notice was made there was no occupant. (*Gage* v. *Bailey*, 100 Ill. 530.) This statute as to the serving of personal notice must receive a reasonable construction. If counsel's argument is correct that diligent inquiry is sufficiently shown by the filing of an affidavit stating that on diligent inquiry the person cannot be found in the county; that this affidavit is not shown to be incorrect by testimony that the occupant of the house has only been absent therefrom on Saturdays and Sundays; then why would not an affidavit of that character be sufficient if the testimony

showed that the man was only absent Sundays or holidays, or at night after nine o'clock? The words "diligent inquiry" mean what the ordinary person would understand them to mean; what a business man or anyone else actually seeking to find a person residing at a given place would understand them to mean if he sent an employee to find and serve personal notice on the occupant. No employer of common sense would think that diligent inquiry had been made if his employee stated that he could not find the occupant of the house whose name was in the city directory when he had only gone there Saturday and could not find him in. This court held in construing this statute in *Keeney* v. *Glos,* 258 Ill. 555, that while it was true that the good faith required by the statute in the creation or acquisition of color of title is a freedom from design to defraud the person having better title, and while the presumption of good faith will prevail until it is overcome by evidence of fraud or actual bad faith, yet such presumption is overcome by proof that such color of title was acquired through the affidavit of the purchaser mis-stating a fact which it was his duty to know; that failure to ascertain the truth, under the circumstances in that case shown, was equivalent to knowledge, unless explained. That reasoning applies to the facts shown in this record on this point. It was the duty of appellant to know that appellee resided on this property. The failure to ascertain, under the facts shown in this record, was equivalent to knowledge. The construction of the statute contended for by appellant would effectually defeat its manifest purpose and meaning. The evidence in this record fully justified the finding of the decree that no service was had upon the person in actual possession of the property.

Counsel for appellant further contends that the court erred in taxing certain costs against appellant. This bill was filed on September 19, 1913. It alleges, among other things, that appellee is willing and offers to pay into court

all such sum or sums of money and do anything that the court may direct as a condition precedent to the relief prayed for. The decree finds that November 10, 1913, by the order of court then made and entered in this cause, appellee's solicitor offered and tendered in open court to the defendant Glos and to defendant Timke the money necessary to reimburse them for all expenses and interest thereon, which sums so offered and tendered, said Glos failed and neglected to accept and said Timke failed and refused to accept; that the court thereupon ordered said moneys to be deposited with the clerk of said court, to be held for the use of said Glos and Timke and the unknown owners of the note secured by the trust deed to Timke, and thereupon said sums were deposited with the clerk as said order directed. The decree further found that certain costs and master's fees thereafter incurred should be taxed against said Glos by reason of his failure and refusal to accept the said aforesaid tenders so made and deposited with the clerk. Counsel's contention is that this last part of the order as to the costs and master's fees thereafter accruing being taxed against Glos was erroneous. Ordinarily, in chancery, costs are within the discretion of the court, and the disposition made of them by the chancellor will not be disturbed on appeal, but the rule has been established in cases of this character by a series of decisions in this court that where the complainant desires to place the owner of the tax title in the wrong, so as to relieve himself of the payment of costs, he must make a tender of the taxes, costs and interest and keep such tender good by bringing the money into court or by offering to do so in his bill. (*Gage* v. *Goudy,* 141 Ill. 215, and cases cited; *Glos* v. *Ambler,* 218 id. 269; *Kenealy* v. *Glos,* 241 id. 15; *Ambler* v. *Glos,* 247 id. 31.) In this class of cases it has usually been thought just to impose upon the owner of property an obligation to do what was equitable under the circumstances, as a condition to the institution of a suit for the recovery of land or to any judg-

ment in his favor grounded on the invalidity of the tax title. (Cooley on Taxation,—2d ed.—550.) This court has held that before one holding a tax deed can have a decree against him for costs he must be placed in the position of having refused to do equity. (*Glos* v. *Goodrich,* 175 Ill. 20; *Stearns* v. *Glos,* 235 id. 290.) While it is necessary, in order to make it proper that all the costs of a suit of this nature may be decreed against a defendant, that a tender shall be made before the filing of a bill, it has been held that a refusal by a defendant to accept a tender of all he is entitled to, after a suit is commenced, will justify the court in making an apportionment of the costs against the defendant. (*Glos* v. *Stern,* 213 Ill. 325; *Glos* v. *Garrett,* 219 id. 208.) It has also been held that where the holders of invalid tax titles are tendered, in open court, a sufficient amount to reimburse them for all proper expenditures up to that point, they cannot complain that they are charged with such portion of the costs as is thereafter incurred. (*Donham* v. *Joyce,* 257 Ill. 112.) It is clear from these authorities that what the courts desire in these cases is to enter decrees that will be equitable as to all parties interested.

Counsel for appellant contends that the tender was not made to him personally, and that this record so shows. If this be conceded to be true; that the record shows that at no time was there any tender made personally to Jacob Glos or August A. Timke as to the costs but that notice was served on them that on November 10, 1913, such tender would be made to them in open court; that they were not present at that time; that in accordance with such notice appellee deposited the tender with the clerk of the superior court of Cook county covering all costs then due the defendants in the trial below, including the unknown owners, under an order of court stating that such money had been deposited as such costs, to be paid to said defendants on application therefor, and that thereafter notice was served by said appellee upon said Jacob Glos and Au-

gust A. Timke of the depositing of said costs and of the entering of such order, these acts must be held a sufficient tender of said costs then due to said appellant Glos and the other defendants in the trial court. Under the decisions heretofore cited, the decree of the court charging the costs thereafter incurred to appellant and the other defendants below and apportioning the costs was just and equitable to all parties interested therein.

The decree of the superior court will be affirmed.

*Decree affirmed.*