THE PEOPLE OF THE STATE OF ILLINOIS *vs.* LEONARD BANKS *et al.* Appellees.—(JOHN F. WELCH, Intervening Petitioner, Appellant.)

*Opinion filed April 20, 1916.*

1. TAX DEEDS—*what must be done by purchaser at foreclosure of tax lien.* Where the purchaser at the sale in a tax lien foreclosure proceeding by the People under section 253 of the Revenue act makes application to the court for a deed to be issued to him in accordance with the decree and order of sale, it is incumbent upon him both to allege and prove compliance with section 216 of the Revenue act, concerning the giving of notice; and such compliance must be shown by direct and positive statements of the facts and not be left to inference or doubt.

2. SAME—*an averment that notice has been given as provided by the statute is a mere conclusion.* The question whether notice has been given, as required by the Revenue act, as a condition to obtaining a tax deed is a mixed question of law and fact, which can only be made to appear to the court by specifically setting out *in hæc verba* the notice given or the facts and acts relied upon as constituting such notice, and an averment that the petitioner, in accordance with the statute, gave notice as required by the Revenue act is a mere conclusion of the pleader and is not sufficient.

3. SAME—*notice must contain every essential element.* The notice to be given, under section 216 of the Revenue act, by the holder of a certificate of purchase at a sale foreclosing a tax lien under section 253 of said act must contain every essential statutory requirement, as otherwise any deed issued pursuant thereto will be void.

APPEAL from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding.

W. W. WHITMORE, and CHARLES M. PEIRCE, for appellant.

F. B. McKENNAN, and HUBBARD & GROVES, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On May 18, 1909, the People of the State of Illinois filed their bill in chancery in the circuit court of Adams county to foreclose a tax lien on certain property in that county owned by Leonard Banks for delinquent taxes levied and assessed against it by the Lima Lake Drainage District, and thereafter such proceedings were had in the cause that a decree of foreclosure was entered and the property advertised and sold on August 31, 1909, by the county collector of Adams county to F. B. McKennan for $1074.26, the amount of the special taxes and assessments due and unpaid. The sale was duly reported to the court and approved and a certificate of purchase issued to the purchaser, which was in turn assigned by him to appellant, John F. Welch, on November 27, 1911. The cause was docketed in that court and is known as case No. 2418. No further proceedings appear to have been had in that case after the entry of the order approving the report of sale until the convening of the June term, 1914, when the appellant filed his petition in said cause praying that a deed be issued to him pursuant to the decree of foreclosure. A general and special demurrer was sustained to the petition, and appellant electing to abide by his petition the same was dismissed for want of equity. This appeal followed.

It appears that the general and special taxes on the property for the two years following the foreclosure were not paid, and that on June 9, 1911, the People of the State of Illinois filed another bill in chancery in that court against Leonard Banks and others to foreclose the tax lien for such delinquent taxes. This cause was docketed and known as

case No. 2727. Thereafter such proceedings were had in that cause that on December 11, 1911, a decree of foreclosure was entered and the property ordered sold for such delinquent taxes. On January 18, 1912, the county collector again sold the property, pursuant to this last decree, to John T. Inghram for $275.40. The sale was reported to and approved by the court and a certificate of purchase issued to the purchaser, who in turn assigned the same to appellant December 31, 1912. Appellant appears to have relied upon McKennan, who had acted as his attorney in the first foreclosure proceeding, to do all things necessary to be done in order to perfect the title in appellant under the certificate issued pursuant to the first foreclosure decree. McKennan seems to have neglected to take any action in the premises, and thereafter, and more than three months prior to the expiration of two years from the date of sale of the property under the last decree, appellant attempted to give statutory notice and secure title under the provisions of sections 211 and 216 of the Revenue act. In the meantime the title to the property had passed to Della M. Armstrong, who now claims to be the owner of the same in fee. Thereafter, at the June term, 1914, appellant, as above shown, filed his petition in case No. 2418, setting up the proceedings had in the causes above referred to, the failure of the owners of the property to make redemption of the same from such sales within two years from the date of the last sale, held on January 18, 1912, and with respect to the action taken by him upon which he based his right to a deed to the property pursuant to such foreclosure proceedings and subsequent action taken by him, alleged as follows: "That your petitioner, in accordance with the statute, gave statutory notice, as provided by the Revenue act and as provided by section 211, more than three months prior to the expiration of two years from date of sale of said tracts of land made under the decree in chancery cause No. 2727," had on January 18, 1912; that in order to redeem it was necessary for

the owners to tender the amount due under the certificates dated January 18, 1912, also the amount paid by appellant for each of the certificates issued to McKennan on August 31, 1909; "that in truth and in fact no such sum was tendered to the proper officer in and for the county of Adams authorizing redemption from certificates covering each of said tracts * * * mentioned in chancery cause No. 2418; that by reason of proper notice having been given more than three months prior to the expiration of two years from the second sale of each of said tracts, bearing date of January 18, 1912," the appellant is entitled to a deed to the land pursuant to the certificates issued under the decree in case No. 2418; that he has made demand upon the county collector of Adams county for deeds in accordance with the statute, who has refused to issue the deeds to him, and prays that the court order the county collector to execute and deliver to appellant the proper deeds of conveyance, pursuant to the certificates dated August 31, 1909, for each of the respective tracts of land in question, and for general relief.

The county collector of Adams county and F. B. McKennan were made parties defendant to the petition, and by leave subsequently granted Della M. Armstrong was permitted to intervene and become a party defendant. Each of the defendants' filed a general and special demurrer to the petition, in which there were set forth as special grounds of demurrer that the petition shows on its face that appellant has been guilty of *laches;* that it failed to show that the lands in controversy were again sold for taxes before the expiration of the last day of the second annual sale, and that it does not show that notice was given, as required by law, of the sale held on August 31, 1909. The court sustained the demurrers to the petition, and appellant electing to abide by his petition, the court dismissed the same for want of equity, as above stated.

The proceedings in question were had under the provisions of section 253 of the Revenue act. (Hurd's Stat.

1913, p. 2069.) Where proceedings are had under this section for the foreclosure of a tax lien and the purchaser at such sale makes an application to the court to have a deed issued to him pursuant to such decree and order of sale, it is incumbent upon him to both allege and prove compliance with the provisions of section 216 of the Revenue act. This question was fully considered in *Clark* v. *Zaleski,* 253 Ill. 63, and we there held that section 253 of the act contemplated that when a tax lien had been foreclosed pursuant to the provisions of that section, the purchaser at such sale, in order to be entitled to a deed, must comply with the provisions of section 216 of the act by giving notice, as required by that section, before he would be entitled to a deed under his decree. It was there further held that section 217 of the act, requiring an affidavit of service of such notice to be made and filed with the officer authorized by law to issue the deed, did not apply to proceedings held under section 253 of the act, and that when a court of chancery acquires jurisdiction in the foreclosure proceedings under that section it would retain jurisdiction of the cause until all of the proceedings necessary to invest the purchaser with title to the remainder had been consummated, and that the evidence that such steps had been taken might properly be preserved in the records of the court in such proceedings. In *Wright* v. *Glos,* 264 Ill. 261, we held that before a purchaser at a tax sale would be entitled to a deed he must show strict compliance with all of the provisions of section 216 of the act. Other cases holding to the same effect are *Wilson* v. *McKennan,* 52 Ill. 43, *Wisner* v. *Chamberlin,* 117 id. 568, *Stillwell* v. *Brammell,* 124 id. 338, and *Van-Matre* v. *Sankey,* 148 id. 536. Such compliance must be shown by direct and positive statements of the facts constituting such service and not be left to inference from doubtful or equivocal language. (*Wilson* v. *Glos,* 266 Ill. 392.) If the notice omits any one of the essential statutory requirements the deed issued pursuant thereto will be abso-

lutely void.  *Drake* v. *Ogden,* 128 Ill. 603; *Gage* v. *Lyons,* 138 id. 590.

In the present case the petition does not allege the particular acts done and relied upon by appellant as constituting the service of the notice required by section 216 of the act, but, on the contrary, only alleges "that your petitioner, in accordance with the statute, gave statutory notice, as provided by the Revenue act and as provided by section 211, more than three months prior to the expiration of two years from the date of sale of said tracts of land made under the decree in chancery cause No. 2727," etc.  Appellant argues that this is a sufficient allegation of the giving of the statutory notice, for the reason such allegation would put him upon proof that such notice was, in fact, given as is required by the various provisions of the Revenue act, whether found in section 216, section 211, or in some other section of the act.  With this contention we do not agree.  The allegation that notice was given as required by the Revenue act is but the conclusion of the pleader.  (31 Cyc. 57.)  Whether or not the notice given was such a one as is required by the provisions of the Revenue act is a mixed question of law and fact, which could only be made to appear to the court by specifically setting forth *in hæc verba* the notice given or the facts and acts relied upon as constituting such notice, so that the court could see, from the facts alleged, whether or not the notice given actually complied with the requirements of the statute.  *Kedzie* v. *West Chicago Park Comrs.* 114 Ill. 280; *Stannard* v. *Aurora, Elgin and Chicago Railway Co.* 220 id. 469, and cases cited.

As the petition wholly fails to show compliance with the imperative requirements of the Revenue act the demurrers to the petition were properly sustained.  It is therefore unnecessary to consider the other points urged.

For the reasons given, the decree of the circuit court of Adams county will be affirmed.      *Decree affirmed.*