Caton, J. This was a bill filed for an account between partners. It states, that the complainant owned a carding machine, and that the defendant was a wool carder by occupation. That they entered into an agreement, by which the complainant was to furnish the machine and to pay all the expense of running the same, except manual labor and repairs. And to furnish lard to be sold to customers. The defendant was to run the machine at certain specified rates, and to have one-third of the compensation received for carding, and the complainant two-thirds. The defendant was to sell the lard furnished by the complainant to such customers as should want the same, and to pay the whole of the money received therefor over to the complainant. In pursuance of the agreement, the defendant run the machine during the time specified. That the complainant complied with the agreement, and paid for the repairs. The earnings of the machine amounted to the sum of $1,494 72, which was received by the defendant, two-thirds of which belonged to the complainant, and that the defendant received for lard belonging to the complainant, the sum of $40 66. That the complainant has repeatedly called on the defendant to account for the money thus received, and to pay over to him his proportion, but that he has refused to do so except the sum of $606 43, leaving the sum of $427 83, still due the complainant. That the defendant had the exclusive control of the business, and kept the books, and made the entries therein himself, to which reference is made, and of which a summary is filed with the bill. . The bill also states that the defendant is indebted to the complainant in the sum of $124 20, for goods sold, work done, money loaned, a bill of particulars of which is exhibited. The bill charges that the defendant refuses to account and to pay to the complainant the amount due him. The bill was taken for confessed and a reference was made to a master to take and state an account between the parties. The master reported that he was attended by the parties and their solicitors, and that the complainant proved “two items in his account against the defendant Aulger, amounting to fifteen dollars. The defendant Aulger then and there introduced and proved his account against the complainant amounting to two hundred and eighty-four dollars. It therefore appears from the accounts proven, that the complainant is indebted to the defendant, Aulger, in the sum of two hundred and sixty-nine t6„%- dollars, all of which is respectfully submitted.” Several exceptions were filed to this report, which were disallowed by the Court, and a decree rendered in favor of the defendant for the amount reported by the master to be due him. We think that the third exception, at least, should have been sustained. Mo account is, in fact, stated by the master, as was required by the order of reference. The accounts of the parties taken before him should have been stated in the report. Indeed, it does not appear that any account of the partnership transactions was taken by the master, but we should infer from the report, that that was not done. The reasonable inference from the report is, that only some individual accounts between the parties were taken. Unless the defendant’s account, which was heard and allowed by the master, was stated and sent up by the master in his report, it was impossible for the Court to determine whether that was such an account as should have been allowed in the suit,, and on which the defendant had a right to a decree for the balance in his favor. The existence of the partnership and of partnership transaction, and his liability to account as partner, were admitted by the defendant, by allowing the bill to be taken for confessed. Whether the defendant’s account related to the partnership transactions or with any thing stated in the bill, it does not appear. As the case stood it was only upon such an accounting that the defendant could claim a decree for a balance in his favor. As this case must again go before the master, it is not deemed improper to say a word in relation to the course proper to be pursued by him in taking the account. Particularly in ease of a reference to a master to take and state an account between partners, it is proper, and even necessary that witnesses, as well as either party, at the request of the other, should be brought before him and examined on oath, touching the partnership transactions, which examination should be carefully taken down by the master. And if a witness, or either party refuses to appear in obedience to the master’s summons, for that purpose, or refuses to answer a proper question, allowed by him, it is the duty of the master to report the contempt to the Circuit Court, whose duty it would be to punish the contempt. The master should also require the production of all partnership books and papers, that by a full and patient examination, he may be able to state, with accuracy and precision, the true state of accounts between the parties. The report, too, should present a detailed, statement of the accounts of all the transactions on either side, showing what items are allowed, striking a balance in favor of the party entitled to it. After the draft of the report is prepared, it would be proper, although by our practice, perhaps not indispensable, that the parties or their solicitors should be again called before the master, to hear the report read, when either party has an opportunity to take exceptions to the report, which exceptions should be argued before the master who allows or disallows them, and in case he allows any of the exceptions, he reforms his report accordingly. When exceptions are disallowed by the master, if the excepting party desires it, he sends up the exceptions disallowed, together with all the evidence relative thereto, when the exceptions stand for hearing before the Court. This gives the master an opportunity of reconsidering the subject, before his report is finally made, and of making such alterations, as reflection and the suggestions of counsel may convince him are right; this saves much time and trouble in the Circuit Court, and frequently avoids the necessity of a re-reference. Although in our practice we have, by common consent, departed from the strict and technical rules of the English practice, in case of proceedings before the master, yet the substance of that practice is founded in reason and tends to promote more exact justice, and ought not to be widely departed from. The decree of the Circuit Court must be reversed, and the suit remanded for farther proceedings. Decree reversed.