## Portia Gage

*v.*

## William M. Bailey *et al.*

*Filed at Ottawa January 25, 1886.*

1. TAX DEED—*of its validity when made after redemption money deposited.* Where land sold for taxes is redeemed within the time required by law, by depositing with the proper officer a sum double the amount bid at the tax sale, and sufficient also to cover all costs, expenses and fees required by law, any deed thereafter issued on such sale is absolutely void.

2. REDEMPTION FROM TAX SALE—*deficiency in the amount deposited.* Where the owner of land attempts in good faith to redeem the same from a tax sale before the time of redemption expires, but the sum deposited for that purpose, by an honest mistake, is insufficient, relief will be granted, and the tax deed set aside on equitable terms.

3. SAME—*subsequent taxes paid, need not be deposited.* Where the owner of land sold for taxes has paid all the subsequent taxes, it will not be necessary for him, in redeeming, to deposit with the county clerk money for such subsequent taxes.

4. SAME—*fees for publication allowed to holder of certificate.* The statute allows the holder of a certificate of purchase given on tax sale, a fee for publication of notice of the purchase, etc., not exceeding one dollar for each tract or lot, but does not necessarily require the payment of that sum. It may be less, but not more.

5. DEMURRER *to a pleading—what it admits.* A demurrer to a bill in chancery admits all its allegations of fact. So where a bill to set aside a deed for land sold for taxes, alleges that no such notice as the statute requires was given before taking out the tax deed, either by the purchaser or his assignee, a demurrer to the same admits such allegation; and if the demurrer is overruled, and the defendant abides his demurrer, the tax deed will be set aside on equitable terms.

6. COSTS—*setting aside tax deed.* Where a tax deed is wrongfully taken out, costs are properly awarded against the defendant in a decree setting it aside as a cloud on the title of the complainant.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant.

Messrs. PECKHAM & BROWN, and Mr. JOHN P. ALTGELD, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There can be no controversy as to the facts of this case, as they all appear by admission on demurrer to the bill.   The bill was brought by the surviving trustees under the will of Sarah B. Eaton, deceased, against Portia Gage, and the object was to have the tax deed issued to defendant for the lands in controversy, declared null and void, and removed as a cloud upon the title that is in complainants under the will of the testatrix.   The tax deed is dated August 30, 1878, and is recorded in the county where the lands are situated. It is alleged the tax deed is void, first, because neither the purchaser at the alleged tax sale, nor his assignee, (defendant herein,) ever gave such notice as is required by law to be given by the purchasers at the tax sale, or is essential before a tax deed can lawfully issue to such purchaser or his assignee; and second, because complainants, by their agents, on the 23d day of June, 1877, before the time allowed by law for the redemption from such tax sale had expired, and while the certificates of sale were outstanding, and before any deed was issued, redeemed at the office of the county clerk, according to the provisions of the statutes, the land in controversy, from such tax sale, by depositing with the clerk, for such redemption, for the benefit of the holders of the certificates of purchase, the sum of ten dollars, which sum was a full and sufficient amount required by law for the redemption of the land from such tax sale, being the amount originally bid and paid at the tax sale, with one hundred per cent penalty, and all costs, expenses and fees required by law.   It is alleged as a further ground of relief, the attempted redemption was made in good faith, under the confident belief the sum deposited was sufficient in law, as complainant's agents were advised by the county clerk it was, for the re-

demption of such land, and if it shall be found the sum so deposited was not sufficient to effect the redemption under the statute, complainants offered to pay defendant any deficit that may be found to be due, with all proper costs and interest, as may be found just and equitable by the court.

The law is, no purchaser, or assignee of such purchaser, shall be entitled to a deed for any land bought at a tax sale, until he shall have complied with the conditions mentioned in section 216, chapter 120, of the Revised Statutes of 1874. The bill in this case charges no such notice as the statute requires was given before taking out the tax deed by defendant, either by the purchaser or by the assignee. That allegation the demurrer admits to be true, and assuming it is true no such notice was given, the tax deed would be inoperative, and might be set aside on such terms as the court might deem equitable.

But the decision in this case may be based on the sole ground the land had, in fact and in law, been redeemed from the tax sale prior to the issuing of the deed to defendant. It is so distinctly alleged in the bill, and the demurrer admits the truth of the allegation. It is said it appears from the exhibits attached to the bill, the sum deposited was not sufficient in amount to redeem the land from the tax sale. No such thing appears from the exhibits showing the amount required to redeem. The objections taken were, first, nothing was deposited for taxes paid by the purchaser. That was not necessary in this particular case. The certificate made by the clerk shows such taxes had been "paid by owner." Second, it is said the advertising fees were insufficient. Only one dollar was allowed for advertising, and it is insisted as there were two tracts of land, one dollar for each tract should have been deposited. The statutory requirement is, the fee for publication shall not exceed one dollar for each tract or lot. It does not provide for the payment of one dollar for each tract in every instance. It may

be less, but can not be more. There is nothing in the exhibit, ·then, treating it as a part of the bill, that conflicts with the positive allegation the sum deposited is all that is required by law to redeem the lands from the tax sale. Of course, if the lands had been redeemed from the tax sale in accordance with the provisions of the statute before the time for redemption had expired, any deed that might thereafter be issued would be absolutely void, and of no validity.

But if the sum deposited was insufficient for the redemption of the lands from the tax sale, then defendant should have answered the bill, and challenged the truth of that allegation. Had he done so, the court could have ascertained what deficit remained, and under the rule declared in *Gage* v. *Scales*, 100 Ill. 218, if it should be found the attempted redemption was made in good faith, relief might have been granted on such terms as should be thought to be equitable and just. That was not done, but defendant chose to admit on the record the sum deposited by complainant was sufficient, under the statute, to effect the redemption. After such admission upon the record, the court was under no duty to inquire whether any terms should be imposed on which relief should be granted. That question defendant did not raise for herself, and certainly the court was under no obligation to consider it. The equities appear to be so plainly with complainants, the case need not be further discussed.

As respects costs, it may be said it was no fault of complainants that defendant wrongfully took out a tax deed on their property, and the circuit court very properly awarded costs against defendant.

The decree will be affirmed.                    *Decree affirmed.*