ASAHEL GAGE

*v.*

JOHN ARNDT.

*Filed at Ottawa September 26, 1887.*

1. CLOUD UPON TITLE—*requisites of the bill—to show time of ownership, as against a tax sale.* A bill to set aside tax deeds as clouds on title, showed that the complainant was in possession of the premises, but failed to show when he became the owner thereof, and the evidence also failed to show the fact: *Held,* that in the absence of both averment and proof, it would be presumed, as against the pleader, that the complainant or his grantors were the owners of the premises at the time the taxes for which the sales were made, accrued.

2. COSTS—*on bill to set aside a tax deed as a cloud upon title.* Where the owner of a lot permits the same to go to sale for taxes, it will be error, on bill to set aside the tax deed, to require the defendant to pay the costs, where there has been no tender to him of the sums paid by him, with interest, etc. An offer to pay to an unnamed agent, who is not shown to have had any authority to bind his principal by his refusal to accept the tender, will not be sufficient to charge the latter with the costs.

3. CHANCERY—*statement of account by master—requisites as to detail.* Where a cause is referred to a master to take and state an account of the sums due the defendant from the complainant, for taxes, interest, penalties and costs growing out of tax sales sought to be set aside, the master should state

his account in detail, by items, times, rates, etc., and show the items claimed as well as those allowed. It is not sufficient, on such a reference, to report the testimony *en masse*, and the amounts in the aggregate, with no reference to items claimed and disallowed.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

John Arndt, claiming to be the owner in fee and in the actual possession of sub-lot 11, in the subdivision of lots 11, 12, 13 and 14, in block 56, in canal trustees' subdivision of blocks in the north-west quarter of section 21, township 39, north of range 14, east of the third principal meridian, in Cook county, by his original and amended bills, exhibited in the Superior Court of Cook county, against Asahel Gage, sought to have set aside as clouds upon his title, and to be delivered up and cancelled, two tax deeds to the premises, issued to the defendant, and of record in Cook county. The grounds upon which this relief was asked, as appears from the amended bill, were, that as to a tax deed issued to the defendant July 12, 1876, upon a tax sale made September 18, 1873, and which was filed for record July 27, 1876, the same was procured upon fraudulent and defective affidavits, and in disregard of the provisions of the constitution and of chapter 120 of the Revised Statutes; that notice of the purchase was not served on the persons in the actual possession of the premises, nor in whose name the premises were taxed, nor yet the owners of or the persons interested in the premises, three months before the time of redemption expired, and that complainant had no notice of the tax sale or issuing of the tax deed, etc.; and as to the tax deed issued to defendant July 16, 1879, upon a tax sale made October 14, 1876, and which was filed for record July 19, 1879, the same was procured upon fraudulent and defective affidavits, and in disregard of the provisions of the constitution and chapter 120 of the Revised Statutes; that complainant had no notice of the tax sale, or the issuing of the tax deed, etc.; that there was no

assignment of the certificate of purchase by the purchaser at the tax sale, to the defendant; that notice of the purchase was not served on the persons in possession or occupancy of the premises, nor in whose name the premises were taxed, nor yet the owners or persons interested in the premises, three months before the time of redemption expired; and finally, that both tax deeds were informal, but in what respect was not stated, and that they were issued more than one year after the time of redemption had expired, and that complainant demanded a quitclaim from the defendant, and offered to pay the taxes he had paid, with full penalties allowed by law, which the defendant refused.

By the answer, the ownership and title to the premises of the complainant were denied; also, denying complainant's possession when the suit was brought; admits that defendant claims title to and ownership of the premises by the two tax deeds set out in the bill; and as to the remaining averments of the bill, they were generally and specifically denied; and finally, that the bill contains no offer of equity to the defendant; that it does not show that the complainant was in possession of the premises, or was the owner, or interested therein, or that the premises were listed in the name of complainant at the time notice was required to be given as to the time redemption would expire; and claiming, under the answer, like advantage as under a demurrer.

The cause was heard on the bill, answer, replication, and proofs taken, and decree rendered, finding the allegations of the bill to be true, as stated, and that the equities were with the complainant, and referring the cause to the master, to take and state an account of the sums due the defendant from the complainant, for taxes, interest, penalties and costs, as prescribed by law, upon an indebtedness created by tax sale and tax deeds of conveyance; and as to the sum so paid and reported by the master, the complainant was decreed to pay the same into court within thirty days after confirmation of

report; and further decreeing, that on such payment being made, the defendant should surrender and deliver to the clerk of the court, to be by him cancelled, the two tax deeds, and that the defendant surrender the possession of the premises to the complainant, clear of all incumbrances, etc., and upon the failure of the complainant to pay said sum in the time, etc., the bill should be dismissed.

The master reported the testimony offered before him, that there was due the defendant $80.32, and also his findings and conclusion upon the merits of the whole case. The court overruled defendant's exceptions to the master's report, ordered complainant to pay defendant $80.32 in thirty days, decreed that the tax deeds were void as against complainant, and that they be delivered up and cancelled, and that defendant pay the costs.

Mr. AUGUSTUS N. GAGE, for the plaintiff in error.

Per CURIAM: Although the bill in this case contains no averment as to the time when the defendant in error (complainant below) became the owner of the premises, and the evidence in the record is silent in respect thereto, in the absence of both averment and proof it must be presumed, as against the pleader, that the complainant in the bill or his grantors were the owners of the premises at the time the several years' taxes upon the premises (and for failure to pay which the tax sales were made which formed the basis of the outstanding tax titles relied on by the plaintiff in error) accrued, and under the law it was his or their duty to have paid the same. The owner did not pay, but twice permitted the premises to be sold for taxes—the last time for the accumulated taxes of three years. At the first sale the plaintiff in error became the purchaser, and under the second, became the assignee of the purchaser; and the evidence also shows that he also paid the taxes upon the premises for some of the years

subsequent to the second sale. To permit the party claiming to be the owner, under such circumstances, on bill to remove tax deeds as clouds upon his title, to have this equitable relief, and at the same time to cast the tax-purchaser in the costs, is clearly inequitable, and in direct conflict with the ruling announced in *Gage* v. *Busse,* 102 Ill. 592. And this is so, notwithstanding the averment in the bill (expressly denied in the answer) that the defendant in error had offered to pay to the plaintiff in error the taxes the latter had paid, with interest and penalties. That offer, as the bill shows, if made at all, was made, not to the plaintiff in error himself, but to some one (whom the bill does not disclose,) said to be an agent of plaintiff in error. It is neither averred nor proved that this nameless agent was such an agent of the plaintiff in error as that his refusal would bind the principal, and there is no pretence that the plaintiff in error had actual notice of this offer. If the defendant in error desired to place the plaintiff in error in the wrong, as a basis of equitable relief, the offer should have been made in the character of a tender, and that tender should have been kept good by bringing the money into court, or, according to the practice in chancery, by offering to do so in the bill. The bill contained no offer of this character, and it was error to decree costs against the defendant in that proceeding.

As this cause must be remanded, we ought, perhaps, to notice some of the other objections insisted upon.

Various exceptions were taken to the master's report,—and first, as to the amount decreed to be paid by defendant in error. By the terms of the decree, the complainant was required to pay to the defendant $80.32, "which amount appears due the defendant from the complainant, for taxes, interest, penalties and costs arising under the tax sales and tax deeds of conveyance,"—that being the amount found and reported by the master on the special reference. And it was objected that the master had not stated the account in such way that

it could be ascertained what mode of computation he adopted, or how he reached the result stated, and, also, that he had not allowed to the plaintiff in error the money paid by him at the several tax sales, with interest, penalties and costs, or the amounts of subsequent taxes paid by him, with interest. An inspection of the report shows this exception was well taken. The master made no pretence of stating an account of the payments made by the plaintiff in error "for taxes, interest, penalties and costs," as he was by the decree directed. What he did, was to report the testimony presented before him, documentary and oral, and find there was due the plaintiff in error, under the sale of September, 1873, $3.96; under the sale of October, 1876, $74.78; and under special assessment of August, 1877, $1.58. What part, if any, of these several amounts was certainly for taxes, and for interest, and for penalties, and for costs, does not appear. The very object of a reference to state an account is defeated by the course adopted by the master in this case, and instead of aiding the court, is well calculated to produce just such a case of doubt and uncertainty as is here observed. The master should state his account in detail, by items, times, rates, etc., and show the items claimed and disallowed, as well as the items allowed. Then, on exception, the attention of the court need only be directed to the items, times, rates, etc., to which exception is made. It is not enough, in this character of case, and under such a specific order of reference, to report the testimony *en masse*, and the amounts in the aggregate, with no reference to items claimed and disallowed, as was here done. *Brockman* v. *Aulger*, 12 Ill. 277; *Craig* v. *McKinney*, 72 id. 305.

In the view here taken, it will be unnecessary to pass upon the other errors assigned.

The decree of the Superior Court will be reversed, and the cause remanded to that court for further proceedings.

*Decree reversed.*