AMOS MECARTNEY

*v.*

CHARLES H. MORSE.

*Filed at Ottawa May 14, 1890.*

1. TAXES—*dividing and distributing back taxes.* Where a tract of land upon which are unpaid back taxes is subdivided into blocks and lots, the county clerk will have no authority to divide such back taxes, and extend the several parts upon the lots and blocks. The back taxes to be added to the current taxes must be back taxes against the same land, precisely, against which the taxes for the current year are being extended.

2. COSTS—*on setting aside tax deed as a cloud.* Where a party having a tax deed set aside as a cloud on the title, before filing his bill paid all the taxes legally extended against his lots, and has brought into court and deposited with the clerk, for the benefit of the defendant, the amount for which the lots sold, together with the costs and expenses attending the tax sale, and six per cent on the whole amount, it was *held,* that a decree against the complainant for the costs of the suit was erroneous.

APPEAL from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

31—137 ILL.

Mr. H. S. MECARTNEY, for the appellant:

The decree ordering appellant to pay costs was erroneous. *Gage* v. *Arndt*, 121 Ill. 491; *Gage* v. *Busse*, 102 id. 592.

Appellee did not prove that he was in the possession of the premises at the time of filing the bill. This objection is jurisdictional. *Gage* v. *Abbott*, 99 Ill. 366; *Hardin* v. *Jones*, 86 id. 313; *Gage* v. *Parker*, 103 id. 528; *Oakley* v. *Hurlbut*, 100 id. 204; *Johnson* v. *Huling*, 127 id. 14.

Mr. W. P. FENNELL, for the appellee:

The county clerk has no authority to apportion back taxes. *Stamposki* v. *Stanley*, 109 Ill. 216.

The defendant having made the suit necessary, should pay the costs.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill to set aside a tax deed as a cloud upon the title to 24 lots in blocks 1 and 2 in Central Addition to Glencoe, being a subdivision of five acres in N. E. ¼ sec. 7 and S. E. ¼ sec. 6, Town 42, N. R. 13 E. 3d P. M., and also 1.75 acres of the west 3.15 acres or part of lot 3 in Subdivision of S. W. ¼ etc., of said sections 6 and 7, all in Cook County. Said lots and land were all sold at tax sale on September 14, 1885, for the taxes of 1884, to the appellant, and afterwards, on April 17, 1888, the county clerk executed a tax deed to appellant conveying to him said 24 lots and 1.75 acres of land.

Appellee, the complainant below, showed himself to be the owner of the paramount title. The taxes of 1873 were extended upon the 24 lots, and other property not now in question, described together as 38 acres and assessed as 38 acres. An appeal was taken from the judgment for the taxes of 1873. Afterwards the taxes upon the said property were extended in a warrant for the taxes of the year 1877, and were forfeited to the State on September 28, 1878. In the collector's war-

rant for the taxes of 1877 there appears for the first time since 1873 a memorandum of the back taxes of 1873 against the 38 acres. There was no further extension of back taxes against said property until 1884. The subdivision of the 5 acres, known as "Central Addition to Glencoe," was made in May, 1874.

In the collector's warrant for the taxes of 1884 a balance of the back taxes of 1873, as assessed against the five acres or a part thereof, was divided up by the county clerk and extended, pro rata, against the 24 lots. The same was true as to the tract of 1.75 acres, which was originally assessed as three acres. In 1884 the back taxes on the 1.75 acres were extended against a fractional part of the tract originally assessed as three acres.

This attempt to extend and collect the back taxes or forfeitures of 1873 with the taxes of 1884 was illegal. The back taxes had never been extended against the lots and land described in the bill prior to the year 1884. The county clerk had no power or authority to divide up the balance due for such back taxes and apportion it in the manner above stated. Hence, upon the authority of *Stamposki* v. *Stanley*, 109 Ill. 210, the tax deed was void. In that case we said: "the back taxes to be added must regularly be back tax against the same land, precisely, against which the taxes of the current year are being extended. * * * It is only the back tax upon 'such real property' as has been *valued* for the current year by the assessor, which is to be added—the back tax upon '*such real property*' as the clerk is *then* dealing with in making up the amount of tax due for the current year."

Where a tract of land, upon which are unpaid back taxes, is subdivided into blocks and lots, the county clerk will have no authority to divide such back taxes and extend the several parts upon the lots and blocks.

It is claimed by the appellant that the complainant below did not show himself to be in possession of the property. We

think that the evidence established such a possession as authorized the filing of the bill. Appellee had fenced in the 24 lots and paid sidewalk assessments for all the property. The 1.75 acres were in the occupancy of appellee's tenant, who had leased it from him "for pasture and cutting the grass" upon it, and who lived in the house adjoining it. The tract of 1.75 acres was really a part of the premises of the lessee. Appellant does not claim that he was ever in possession of the premises, and there was no interference by one party with the possession of the other, as appeared to be the case in *Gage* v. *Hampton*, 127 Ill. 87.

Appellant claims that the decree by the Circuit Court was erroneous in requiring him to pay the costs of this proceeding. We think that such requirement was improper under the circumstances of this case. The proof shows that the appellee paid all the taxes which were properly and legally extended against his lots and land, and that he has brought into court and deposited with the clerk, for the benefit of appellant, the amount for which the lots and land described in the bill were sold, together with the costs and expenses attending said sale and six per cent interest on the whole amount. But it is not averred in the bill, nor established by the proofs, that complainant made any tender of said amount to the defendant before filing the bill, nor does the bill contain any offer to make such payment. Therefore, upon the authority of *Gage* v. *Arndt*, 121 Ill. 491, the defendant should not have been required to pay the costs of this proceeding. For this error the cause is reversed and remanded to the Circuit Court with directions to so modify the decree as to require the complainant to pay the costs. In all other respects the decree is affirmed. The costs of this court must be paid by appellee.

*Decree affirmed in part and in part reversed.*