JOHN H. COTES

*v.*

C. C. W. ROHRBECK.

*Filed at Ottawa November 24, 1891.*

1. TAX DEED—*bill to set aside—tender required of complainant.* Where the complainant in a bill to set aside a tax deed desires to place the owner of the tax title in the wrong, and to entitle himself to equitable relief, he must make a tender of the taxes, interest and costs, and keep such tender good by bringing the money into court, or offering to do so in the bill.

2. SAME—*decree to set aside—what it should require of complainant.* A decree setting a tax title aside as a cloud on the title should require the complainant to refund the amount paid at the tax sale, and all taxes charged upon the land paid by the purchaser, with interest at six per cent per annum, as a condition to the relief sought.

3. TAX SALE—*property of married woman — notice of expiration of time of redemption served upon husband.* The service of a notice of a tax purchase, and when the time of redemption will expire, upon a married woman who is the owner, by leaving a copy thereof with her husband, is not a legal service, and renders the tax deed void.

4. CHANCERY PRACTICE—*proof of allegations of bill not admitted by answer.* Where the answer neither admits nor denies a material allegation of the bill, and no exceptions are filed to it, but a general replication is filed thereto, the complainant must prove such allegation.

APPEAL from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant:

The decree should have been on condition that the complainant pay the amount paid at the tax sale, subsequent taxes, with interest at six per cent, and also the cost of procuring the tax deed. Rev. Stat. chap. 120, sec. 224.

The penalties referred to in this section of the statute are held to be those which the holder of the tax deed had to pay in procuring his deed. *Gage* v. *Pirtle*, 124 Ill. 502.

It has been so often decided as to be no longer an open question, that the complainant must pay all legal taxes paid at the tax sale upon which the tax deed issued, and subsequent taxes, with interest at six per cent. *Barnet* v. *Cline,* 60 Ill. 205; *Farwell* v. *Harding,* 96 id. 32; *Peacock* v. *Carnes,* 110 id. 99.

The costs of taking out the tax deed are one of its incidents, and the offer to do equity includes their payment. Has the court the right to exercise his discretion, and refuse such costs as were actually incurred in procuring the tax deed?

Section 18, chapter 33, of the Revised Statutes, says: "In all other cases in chancery not otherwise directed by law, it shall be in the discretion of the court to award costs or not; and the payment of costs, when awarded, may be compelled by execution."

Mr. WILLIAM B. BRADFORD, for the appellee:

The service of a tax notice, by giving a copy thereof to the husband of Mrs. Hirsch, was not a legal service on her. (Rev. Stat. chap. 120, sec. 218.) Notice to the owner is essential. *Gage* v. *Waterman,* 121 Ill. 116.

The awarding of costs in chancery is largely a matter of sound legal discretion.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed to set aside a tax deed. The hearing in the court below resulted in a decree in favor of the complainant.

The bill alleges, and the proof shows, that complainant is the owner of Lots 33, 34 and 35 in Block 20 in South Englewood subdivision of N. W. ¼ S. 4, T. 37 N. R. 14 E. in Cook County; that each of said lots was sold on September 15, 1885, at tax sale for the general taxes of 1884 to W. W. Marcy for $.81 (81 cents), making $2.43 for all of them; that certificates

of sale were issued to the purchaser; that, on May 22, 1888, the county clerk executed to said Marcy a tax deed conveying to him said lots in pursuance of said sale; that, on June 13, 1888, Marcy made a quit claim of said lots to the present appellant, John H. Cotes. The decree set aside the tax deed to Marcy and the deed from Marcy to Cotes, as clouds upon complainant's title.

When the tax sale was made on September 15, 1885, the lots were owned by one Cassidy, but on August 6, 1886, more than a year before the time of redemption expired, Cassidy deeded the lots to Paulina Hirsch, who, with her husband, conveyed them by trust deed on October 14, 1886, to W. S. Lasher, trustee, to secure certain notes payable to the order of one Kretsinger. Proceedings were instituted in the Circuit Court of Cook County to foreclose this trust deed, in which a decree of foreclosure and sale was entered on April 16, 1888, and, on May 17, 1888, the lots were sold to the present appellee, and a Master's deed was executed to him on October 31, 1889.

The Statute provides, (Rev. Act, sec. 216), that the purchaser at a tax sale, before he shall be entitled to a deed, shall serve notice of his purchase upon "the owners of or parties interested in said land or lot, if they can upon diligent inquiry be found in the county, at least three months before the expiration of the time of redemption on such sale."

It is not denied, that Paulina Hirsch was the owner of the lots on May 31, 1887. In the affidavit submitted by Marcy to the county clerk in order to obtain his tax deed, he swore that, on May 31, 1887, he served the statutory notice of his purchase on Paulina Hirsch "by leaving a copy with her husband." The service upon the husband of Paulina Hirsch was not service upon her. Hence, the trial court decided correctly in holding that the affidavit of service of the notice was not sufficient to justify the issuance of the tax deed.

It is assigned as error, that the decree of the court below ordered the defendant to pay the costs of the suit. The bill offers to repay to Marcy and Cotes, the amount of taxes paid by them upon the premises together with their costs and interest thereon at six per cent per annum; and it is also averred that such tender and a demand for a quit claim deed were made to each of them, and refused, before the filing of the bill. The latter averment is neither admitted nor denied in the answer, and a general replication was filed. Where the answer neither admits nor denies a material allegation of the bill, and no exceptions are filed to it but a general replication is filed thereto, the complainant must prove such allegation. (*De-Wolf* v. *Long*, 2 Gilm. 679; *Stacey* v. *Randall*, 17 Ill. 467; *Kitchell* v. *Burgwin*, 21 id. 40; *Morgan* v. *Herrick*, id. 481; *Dooley* v. *Stipp*, 26 id. 86; *Nelson* v. *Pinegar*, 30 id. 473; *Bressler* v. *McCune*, 56 id. 475.)

The complainant below did not introduce any proof to show that, before the filing of his bill, he tendered to the holders of the tax title the amount of taxes paid by them with costs and interest. The offer to pay made in the bill itself should be for the purpose of renewing and keeping good the tender previously made. (*DeWolf* v. *Long, supra; Gage* v. *Arndt*, 121 Ill. 491). We have held that, where the complainant in a bill to set aside a tax deed desires to place the owner of the tax title in the wrong, and so entitle himself to equitable relief, he must make tender of the taxes and costs and interest, and keep such tender good by bringing the money into court, or offering to do so in the bill; and that, if he fails in these requirements, it is error to decree costs against the defendant in the proceeding. (*Gage* v. *Arndt, supra; Mecartney* v. *Morse*, 137 Ill. 481). Hence, we are of the opinion that it was erroneous to require the defendant to pay the costs in the present case.

We think that the decree of the court below was erroneous in another respect. It does not require the complainant to

refund the amount paid at the tax sale and all taxes, charges upon the land, paid by the purchaser, with interest, at six per cent per annum.   The court, in its decree, should have required the complainant to pay these amounts, as a condition to granting the relief prayed for.   (*Alexander* v. *Merrick*, 121 Ill. 606; *Gage* v. *Pirtle*, 124 id. 502).

The decree of the Superior Court is reversed for the reasons here stated, and the cause is remanded to that court.

*Decree reversed.*