## Henry J. Hewes v. The Village of Winnetka et al.

1. **Equity Pleading**—*Insufficient Allegations.*—An allegation, in a bill to enjoin a municipal corporation from proceeding in a special assessment proceeding, that "some person or persons, styling themselves the Council of the Village of Winnetka, endeavored to pass a certain pretended ordinance providing for a public improvement," is not an allegation that a court of equity should entertain as a basis of relief, by injunction or otherwise, against a municipal corporation from doing corporate acts.

2. **Same**—*Allegations of Notice.*—An allegation that the complainant had no notice of the proceeding for a special assessment, etc., but which does not state that he had no knowledge of the application for judgment against his property for sale for delinquent special assessments, is insufficient.

3. **Special Assessments.**—*Failure to Object on Application for Judgment.*—Where every objection to a judgment for a special assessment stated in a bill to enjoin the sale, could have been raised on the application for judgment by the county collector, the complainant, having failed to avail himself of the remedy thus afforded him, is not in a position to call upon a court of equity for relief.

**Bill for Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

Masterson & Haft, attorneys for appellant.

Millard F. Riggle, attorney for appellees.

Hewes v. Village of Winnetka.

Mr. Justice Shepard delivered the opinion of the Court.

This was a bill in equity for the purpose of restraining the collection of two alleged special assessments, assessed upon land of the appellant, for certain public improvements.

The bill alleges, among other things, that on the first day of March, A. D. 1892, " some person or persons whose identity to your orator is unknown, styling himself or themselves ' The Council of the Village of Winnetka,' endeavored to pass a certain pretended ordinance, * * * and in the said pretended ordinance it was provided that the said improvements, etc., should be paid for by special assessment," etc.

And then follow numerous other allegations concerning the signing and approval of said " pretended ordinance " and of its provisions.

It is then alleged that " certain persons claiming to act as commissioners to levy a pretended special assessment, did not make or file " a certain affidavit or notice, nor cause the same to be made or filed.

The bill then alleges, in substantially the same language as that applied to the said first " pretended " ordinance, the acts of " some person or persons, whose identity is unknown, styling himself or themselves ' The Council of the Village of Winnetka,' " with reference to another " certain pretended ordinance," and proceeds to make like allegations with reference to the signing and approval of the same.

It is then represented that in pursuance of said " pretended " ordinances, orator's said property has been specially assessed in certain sums, and that by reason of certain alleged facts concerning said " pretended " ordinances, and the acts of the " so-called commissioners," with reference to " said pretended ordinances " and to certain " pretended assessment rolls," the alleged assessments are illegal and void.

It is then alleged, upon information and belief only, that judgment has been entered against orator's said property for the several amounts of the pretended assessments and costs; and the prayer of the bill is for an injunction against a sale

of the property for the assessments, and that the ordinances and proceedings thereunder may be set aside and held to be null and void.

The appellee at first filed a general demurrer to the bill, but without an order being made on the demurrer, afterward answered, reserving in its answer specific exceptions to the sufficiency of the bill, as fully as if the same had been set up by demurrer, and, upon hearing, the bill was dismissed for want of equity.

Appellant's bill was manifestly deficient and demurrable in failing to show that the ordinances complained of, or either of them, were passed by a body having authority to make public improvements of the kind described.

An allegation that "some person or persons whose identity to your orator is unknown, styling himself or themselves 'The Council of the Village of Winneka,' endeavored to pass a certain pretended ordinance" providing for a public improvement, is not an allegation that a court of equity should entertain for a moment as a basis for relief by injunction, or otherwise, against a municipal corporation from doing corporate acts; and there was no course open to the Circuit Court except to dismiss the bill. The decree dismissing the bill may be justified, however, on the ground that the appellant neglected to avail himself of his remedies at law under the statute.

The bill is silent as to the precise time when, and the manner in which, notice of the alleged assessments was first obtained by the appellant.

The allegation concerning notice is as follows :

"Your orator further represents that in each of the pretended special assessments aforesaid, your orator's property was assessed in the name of B. A. Ulrich & Co., and not in the name of your orator, and that in neither of the aforesaid pretended special assessments did the so-called commissioners mail a notice of the pretended special assessments to your orator, as is required by law, and that your orator had no notice of any of the aforesaid proceedings, until very recently, and not until after the said pretended special as-

sessments had passed through the formality of being made and confirmed, and not until after each and both of the said special assessments had passed from the hands of the tax collector of the county of Cook, Charles Kern, so that your orator had no opportunity of filing objections in the ordinary manner."

Assuming that such is a sufficient allegation that appellant did not have notice until after the assessment had been confirmed, there is no allegation that he did not have notice before the application was made by the county collector for judgment against the property for sale. The presumption, therefore, arises, that he had time to interpose his objections to the application by the county collector for judgment, and having failed to avail himself of the remedy thus open to him, he is not in position to call upon a court of equity to relieve him, because of such neglect.

Every objection that is urged in the bill against the assessments, could have been raised on the application for judgment by the county collector, and under the allegations of the bill concerning the passing of the alleged pretended ordinance and the making of the alleged assessment, there can be no doubt but the objections would have been sustained.

There is no case made by the bill, and it was properly dismissed. Affirmed.