Glos et al. v. Hewes.

---

## Jacob Glos, Philip Knopf, County Clerk, and D. H. Kochersperger, County Treasurer, v. Henry J. Hewes.

1. EVIDENCE—*Of Title to Land.*—A warranty deed from a person in whom no title is shown is not sufficient to prove the ownership of land in a suit in chancery where the answer denies the allegations of the bill, even though the allegation as to ownership is not specifically contested.

2. EQUITY PLEADING—*Facts not Admitted are in Issue.*—In chancery. everything alleged in the bill, and not admitted by pleadings of the defendant, is in issue.

**Bill for an Injunction.** Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1896. Reversed and bill dismissed. Opinion filed March 8, 1897.

ENOCH J. PRICE, attorney for appellants.

MASTERSON & HAFT, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In Hewes v. Village of Winnetka, 60 Ill. App. 654, is reported a former decision of this court upon the subject-matter of the present controversy.

The appellee in his brief now says:

" This is not a bill to cancel or set aside a deed to Glos, or even to set aside the certificate of sale issued to him, but the bill is filed for the purpose of obtaining an injunction restraining the county clerk or treasurer from taking any further proceedings to enforce the special assessments in question, and more especially restraining them from issuing deeds to appellant Glos and his brother tax sharks;" which we infer was intended, partly, to express disapprobation of Glos.

The bill alleges that the appellee, on the 9th day of March, A. D. 1891, was, and since then has been, the owner in fee simple of the following described real estate, to wit: Lots 1 to 16 inclusive, in blocks 1, 2, 3, 6, 7, 8, and lots 1 to 18, inclusive, in blocks 4 and 5, all in the Winnetka Land Association subdivision of the N. $\frac{1}{2}$ of the W. 90 acres of the N. W. $\frac{1}{4}$, section 20, township 42 north, range 13 east of the 3d P. M., in Cook county, Illinois; and to prove that allegation, the appellee put in evidence a warranty deed from William M. Craig and wife conveying to Henry J. Hewes the north 45 acres of the west 90 acres of the northwest quarter of section 20, township 42 north, range 13 east of the third principal meridian, subject to certain incumbrances therein named, dated March 9, 1891, and acknowledged by the grantors on May 4, 1891, and recorded in the recorder's office of Cook county on May 5, 1891.

No other evidence relating to title or possession was put in.

It is true that in Gage v. Parker, 103 Ill. 528, where the decree was reversed for other errors, the court said that the title was not a mooted question in the case, and that the testimony of the party that he bought the property with his own money, in connection with the deed to him, might be regarded as sufficient. Such a case is not enough to overturn settled law; nor do we regard the position of the appellee, that under the statute a deed from one in whom no title is shown is *prima facie* evidence of title, as well taken.

In chancery everything alleged in the bill, and not admitted by pleadings of defendant, is in issue.    Bachmann v. Supreme Lodge, 44 Ill. App. 188.

Twice the general public, at considerable cost, have held open to the appellee an opportunity for the redress of his grievances.    On the case made by him on his last effort, his bill should have been dismised.    The decree in his favor is wrong, and it is reversed and the bill dismissed here, at the cost of appellee.