## Jacob Glos and Philip Knopf, County Clerk, v. John B. Dawson.

1. EQUITY PRACTICE—*Enjoining the Issue of Tax Deeds.*—A bill to enjoin the issuing of a tax deed and to obtain a surrender of a tax certificate is not to be treated as a bill to quiet a title or to remove a cloud from the title.

2. SAME—*Party Out of Possession Can Not Maintain Bill to Quiet Title.*—A party out of possession can not maintain a bill in chancery to quiet title, but he can bring an action at law to test the title, which ordinarily, a party in possession can not do.

3. SAME—*Decrees Enjoining Tax Deeds— Requisites.* — A decree enjoining the issue of a tax deed which grants relief to the complainant but allows him to escape from the consequences of a sale for a valid tax resulting from his lack of effort to make payment on his part, without requiring, as a condition to such relief, that he pay the moneys expended in purchase, payment of taxes, costs, interest, etc., is erroneous.

4. COSTS—*Setting Aside Tax Deeds.*—Where there is no allegation in a bill to set aside a tax deed of a tender made to the holder of the certificate, of the amount due for redemption before the commencement of the suit, the payment of the costs of the suit should be imposed upon complainant.

**Bill to Enjoin the Issue of a Tax Deed.**—Trial in the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Decree for complainant; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed June 12, 1899.

ENOCH J. PRICE, attorney for appellants.

It has been the rule of chancery in this State from the very first that a claim resting on a tax sale will not be set aside without repayment of the amount paid by the holder, for such claim with costs and interest. Alexander v. Merrick, 121 Ill. 606; Mecartney v. Morse, 137 Ill. 532; Gage v. Goudy, 141 Ill. 215; Brophy v. Taylor, 30 Ill. App. 261.

The Supreme Court of this State very early established the rule that chancery setting aside tax sales or deeds would require the complainant to pay all costs, both his own and defendant's, in the absence of a showing of a sufficient tender made, and refused by the defendant before coming into

court. This rule has never been departed from to our knowledge. Gage v. Busse, 102 Ill. 592; Gage v. Arndt, 121 Ill. 495; Mecartney v. Morse, 137 Ill. 481; Brophy v. Taylor, 30 Ill. App. 261; Glos v. Goodrich, 175 Ill. 20.

HARRY L. IRWIN, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellee filed his bill of complaint in this cause to enjoin the issuing of a tax deed to appellant Glos, and to obtain a surrender of a tax certificate issued to him. The ground upon which relief is prayed is a failure to comply with the requirements of the statute as to notice after the sale and before issuing of tax deed.

Appellant Glos demurred to the bill of complaint. The Superior Court overruled the demurrer and entered a decree *pro confesso* granting to appellee the relief prayed.

Appellant contends that the demurrer should have been sustained, because the bill of complaint does not allege that the land in question was at the time of filing the bill in possession of complainant, or that it was unimproved and unoccupied. For all that appears by the bill of complaint, the land may have then been in the adverse possession of others than the complainant. Counsel for appellant cite in support of this contention, Comestock v. Hennebery, 66 Ill. 212; Hardin v. Jones, 86 Ill. 313; Gage v. Abbott, 99 Ill. 366; Oakley v. Hurlbut, 100 Ill. 204; Wetherell v. Eberle, 123 Ill. 666; Johnson v. Huling, 127 Ill. 14; Glos v. Randolph, 133 Ill. 197; Glos v. Hewes, 69 Ill. App. 75.

If this were a bill solely to quiet title or to remove a cloud from the title, then under the provisions of the statute and the decisions above cited, there could be no doubt as to the correctness of the contention. But this bill seeks to enjoin the county clerk, appellant Knopf, from issuing a tax deed, and to compel appellant Glos to surrender the certificate of sale for cancellation. By the decision in Gage v. Parker, 103 Ill. 528, it is held that a bill of complaint praying for such relief is not to be treated as a bill to quiet title or to remove a cloud from the title.

The reason of the rule that a party out of possession can not maintain a bill in chancery to quiet title is, that he may bring an action at law to test the title, which, ordinarily, a party in possession can not do.    Comestock v. Hennebery, *supra*.

The statute has modified this rule as to the lands which are unimproved and unoccupied.    But here no suit at law could avail to prevent the issuing of the tax deed.

There is, however, another and sufficient reason why the decree must be reversed.    It is erroneous, in that it grants relief to appellee by allowing him to escape from the consequences of the tax sale, which appears to have been for a valid tax, and to have resulted from utter lack of effort to make payment on his part, without requiring of him, as a condition to such relief, that he pay to appellant Glos the moneys expended by him in purchase, payment of taxes, costs, interest, etc.    This was error.    Reed v. Taylor, 56 Ill. 288; Phelps v. Harding, 87 Ill. 442; Farwell v. Harding, 96 Ill. 32; Moore v. Wyman, 107 Ill. 192; Gage v. Nicholls, 112 Ill. 269; Alexander v. Merrick, 121 Ill. 600; Mecartney v. Morse, 137 Ill. 481; Gage v. Goudy, 141 Ill. 215; Brophy v. Taylor, 30 Ill. App. 261.

Nor do we view the decision in Gage v. Bailey, 115 Ill. 646, relied upon by counsel for appellee, as in any way a departure from the rule announced in the decisions above cited.    In that case there was a deposit by complainant of the amount which the bill alleged was due for redemption, and the court merely held that in the absence of any answer averring that such deposit was insufficient, it was to be taken as confessed that it was sufficient.

The decree should also have imposed the payment of the costs of the suit upon the complainant, for there is no allegation in the bill of complaint that any tender had ever been made to appellant Glos before the suit was brought. Gage v. Arndt, 121 Ill. 491; Mecartney v. Morse, 137 Ill. 481; Cotes v. Rohrbeck, 139 Ill. 532; Glos v. Goodrich, 175 Ill. 20.

The decree is reversed and the cause is remanded.