JACOB GLOS

*v.*

THE JOHN O'BRIEN LUMBER COMPANY.

*Opinion filed December 18, 1899.*

1. MECHANICS' LIENS—*validity of a tax deed may be adjudicated in mechanic's lien proceeding.* Under section 12 of the Mechanic's Lien law of 1895, providing that parties having any legal or equitable claim to the premises may be made parties to a petition for a mechanic's lien, the holder of a tax deed to the premises may be made a defendant and the validity of his tax title may be adjudicated.

2. JUDGMENTS AND DECREES—*a decree cannot be broader than the averments of the bill.* A decree in a mechanic's lien proceeding which adjudicates and determines that a certain tax deed to the property is null and void is erroneous, where the averments of the petition make no reference to the particular deed so held to be void.

3. COSTS—*an averment of readiness to refund taxes and costs does not authorize judgment for costs.* A bill to set aside a tax deed which alleges a readiness and willingness to pay whatever may be adjudged against the complainant for taxes and costs incurred by the defendant is sufficient to authorize the court to determine the right to relief but not to enter a judgment against defendant for costs.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ENOCH J. PRICE, for appellant.

LEVI SPRAGUE, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

In 1898 the appellee filed a petition for a mechanic's lien upon a lot in the city of Chicago, to which appellant and others were made defendants. One of the defendants was the firm of Thompson & Son, who also filed a claim for lien. The appellant demurred to the bill, whereupon, by an amendment, the complainant averred that appellant was the owner of a tax title to the premises involved in the bill; that the tax on which the deed was issued was for general assessment for the year 1890,

and the lot was sold on August 19, 1891, and deed issued August 13, 1895, and that more than one year had elapsed after the making of the tax sale before the execution and recording of the deed, which was alleged to have been recorded August 14, 1895. Other irregularities with reference to such sale and deed were alleged. The petition prayed that the tax deed should be set aside as a cloud on the title, and offered to do equity by paying the amount paid out by appellant, with interest. To the bill as amended the appellant answered, averring his title was an independent adverse title to the title against which the appellee sought to enforce a mechanic's lien, and not subject thereto. The same defense was set up to the petition filed by Thompson & Son. Replications were filed, and reference was had to the master to take evidence and report.

Complainant offered certified copies of proceedings with reference to the tax deed mentioned in the bill, which record evidence sustained the averments of the bill with reference to that tax title; also copies of proceedings with reference to a sale made for taxes on October 28, 1892, of the premises in controversy, to which a deed was made September 27, 1895, and recorded October 1, 1895. Complainant also offered evidence showing that the certified copies of the proceedings with reference to these tax deeds had caused the incurring of costs amounting to over $60, which it is claimed were paid by the appellee.

The master reported that the complainant and Thompson & Son were entitled to liens without any priority as to either, and that appellant was a proper party, and that his deeds were null and void. Appellant filed exceptions to this report because it did not recommend that the bill should be dismissed as to him. Appellee filed exceptions to the report because it did not recommend that the tax title should be set aside. The exceptions of both parties were overruled and the case was again

referred to the master to hear evidence, find and state the amount paid by the complainant for the certified copies used to show the invalidity of the tax title. The master made a report on the second reference, to which the appellant filed exceptions, which were overruled.

The court entered a decree declaring liens as prayed for in the petition of appellee, as also in that of Thompson & Son, and also decreed against appellant that the two several tax deeds held by him were void, and that the expense incurred in procuring copies of the proceedings with reference to the tax and tax titles should be paid by the appellant, as also one-third of the master's fees, aggregating a total amount of costs to be paid by the appellant of $119.03. The decree in no manner provides for the payment of any sums to the appellant by reason of taxes paid by him.

Appellant insists that his title was an adverse, independent title to that against which it was sought to enforce a mechanic's lien, and that he was not a proper party and the petition should have been dismissed as to him. By section 12 of the Lien act in force when and under which this petition was filed it is provided: "In proceedings under this act all persons interested in the subject matter of the suit, or in the premises intended to be sold, may, on application to the court wherein the suit is pending, be made or become parties at any time before final judgment." And section 13 is as follows: "Parties in interest, within the meaning of this act, shall include all persons who may have any legal or equitable claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions of this act." Under these provisions of the statute, appellant, holding a tax title to the premises against which a lien is sought to be enforced, is a proper party defendant, and where it is sought to attack his title it may be done in a proceeding of this character. If his title was null and void it could be so found by the court,

and would in no manner constitute an adverse claim or title to prevent a full and complete sale of the premises under the liens of the persons entitled thereto. The foregoing provisions of the statute, in force at the time the petition for a lien in this case was filed, authorize and require parties to be made defendants other and different from such as are to be made defendants merely to bills to foreclose mortgages. There could have been no purpose or intention on the part of the legislature in requiring persons with such adverse interests to be made parties defendant, unless it was to enable the court to enter a decree adjudicating the questions with reference to conflicting interests and titles, and provide for a sale in accordance with the equities of the respective cases. It was not error to overrule the demurrer and refuse to dismiss the petition as to the appellant.

The principle is too familiar to require a citation of authorities, that a decree cannot be broader than the averments of the bill. The decree in this case sought to adjudicate and determine that the second tax deed, made under sale of 1892, was null and void when there is no averment in the bill with reference to that tax deed, and in this respect the decree is broader than the bill, and in this there was error.

It is not averred in the bill, nor does it appear, that any tender of the amount of taxes paid or expenses incurred by the appellant was tendered before the filing of the petition in this case, to which he was made a party defendant. Neither was any such tender made before the amendment to the bill setting up the invalidity of his tax title under the sale of 1891. It is not sufficient to put the holder of a tax title in the wrong, and make him liable for the costs of a proceeding to remove his tax title as a cloud upon the premises, to aver in the bill a readiness and willingness to pay whatever amount had been paid and expended by him for taxes and costs.. Before costs can be awarded against a defendant in a proceeding

to remove his tax title as a cloud there must be a tender before the filing of the bill. (*Gage* v. *Arndt*, 121 Ill. 491; *Mecartney* v. *Morse,* 137 id. 481; *Cotes* v. *Rohrbeck,* 139 id. 532; *Gage* v. *Goudy,* 141 id. 215; *Glos* v. *Goodrich,* 175 id. 20.) A bill, however, which alleges a readiness and willingness to pay whatever may be adjudged against a complainant for taxes and costs incurred by one holding a tax title which is sought to be set aside, is sufficient to authorize the court to entertain jurisdiction of the bill for the purpose of determining the question as to whether the relief prayed will be granted, but cannot, under such averment alone, be sufficient to authorize a judgment against the defendant for costs. *Glos* v. *Goodrich, supra.*

For the errors indicated the decree must be reversed and the cause remanded.          *Reversed and remanded.*