240 REED v. REBER *et al.* [Sept. T.,

Opinion of the Court. Syllabus.

WILLIAM KELSEY REED, impleaded, etc.,

*v.*

GERTRUDE V. REBER *et al.*

1. CORONER—*service by a deputy.* When the office of sheriff has become vacant by his continued absence, the coroner becomes *ex-officio* sheriff, and all the rights, powers, and duties of the sheriff will devolve upon him until the vacancy is filled in some other legal mode; and service of process by his deputy will be legal.

2. CHANCERY—*cloud on title—tax title.* Equity has jurisdiction to entertain a bill to remove a cloud upon title occasioned by an outstanding tax title, when no notice of the sale for taxes, and of the time when the redemption will expire, was served upon the parties in possession before taking out a deed, as required by the constitution.

3. SAME—*relief.* On bill to remove a cloud caused by a tax title acquired without service of any notice on the parties in possession, the circuit court decreed that the holder of the tax title convey his title to complainant. There was nothing in the bill showing that there was any contract, trust relation, or other equitable grounds requiring the party to convey his tax ti-

tle: *Held*, that the decree was erroneous.   The proper decree in such case is, to perpetually enjoin the holder of the outstanding title, his heirs and assigns, from asserting the same.

APPEAL from the Circuit Court of Cook County; the Hon. HENRY BOOTH, Judge, presiding.

This was a bill in chancery to remove a cloud occasioned by a tax title acquired by the appellant on a sale for taxes in August, 1865.   The objection to the tax deed, among other things, was, that the purchaser did not notify the person in whose name the land was taxed, and the person in possession, three months before the expiration of the time of redemption, of the time when the redemption would expire.

The summons was returned served, and the return was signed " B. S. Cleaves, coroner, and *ex-officio* acting sheriff, by T. E. Stacy, deputy."

Mr. GEORGE SCOVILLE, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, brought by appellees, in the Cook circuit court, against appellant for the purpose of removing a cloud on the title of certain lots held by appellees.   No answer having been filed, the bill was taken as confessed; the case referred to the master, who reported the evidence upon which the court found the tax deed void, and decreed that appellant, his heirs and assigns, be enjoined from relying upon, or asserting any claim under his tax title, and that he convey his title by deed of release to appellees.

We perceive no objection to the manner in which the service was had.   The coroner, by the continued absence of the sheriff, had become, and was, *ex-officio*, the sheriff of the county.   And being such, all the rights, powers, and duties of the sheriff devolved upon him.   He thereby was authorized to appoint a deputy, that being a power expressly conferred upon the sheriff.   By the vacancy of the office of sheriff, until the same was filled by election, or some other legal mode, the coro-

ner succeeded to the office, and was required, by law, to discharge all the duties imposed by law upon the sheriff. There was no error in serving the summons by the deputy.

In the case of *Reed* v. *Tyler*, 56 Ill. 288, it was held that a bill in equity would lie to remove the cloud occasioned by an outstanding tax title. In that case, the terms and conditions upon which such relief should be granted, are fully discussed, and we deem it unnecessary to repeat them here.

But in this case, the court erred in requiring defendant below to convey his tax title to complainants. There is nothing in the bill to show that there was any contract, trust relation, or other equitable grounds, requiring appellant to convey his title to complainants. The proper relief in such cases, is, that the holder of the outstanding title, his heirs and assigns, be perpetually enjoined from its assertion. For this error the decree of the court below is reversed, and the cause remanded.

*Decree reversed.*