# MARY PHILLIPS

## *v.*

# JOSEPH KESTERSON.

*Filed at Springfield January 14, 1895.*

1. EVIDENCE—*declarations of grantor in fraudulent deed admissible.* Subsequent declarations made by the grantor in a deed are admissible to impeach his testimony upon the issue whether or not the deed is fraudulent.

2. DEEDS—*one seeking to set deed aside for fraud need not be in possession.* The necessity of possession by complainant in a suit to remove a cloud from the title to land does not exist, where the bill seeks to set aside a deed for fraud.

3. SAME—*setting aside for fraud—insolvency not involved.* A bill to set aside a fraudulent conveyance, made with actual, intended

fraud, as a cloud on title, in favor of an execution creditor whose execution has been levied on the land and to whom a deed has been executed upon the sale thereunder, need not allege that by reason of the fraudulent conveyance the debtor rendered himself insolvent.

Appeal from the Circuit Court of Pike county; the Hon. Jefferson Orr, Judge, presiding.

Matthews, Higbee & Grigsby, for appellant.

A. G. Crawford, and H. C. Johnston, for appellee.

Phillips, J.: The bill in this case is to remove cloud from the title of appellee, acquired through a sale of the land in controversy under an execution in his favor against Francis A. Phillips, to whom the land had been conveyed in 1877. The indebtedness on which the judgment was rendered accrued prior to 1876, and the suit to recover that judgment was brought in 1885 and judgment rendered in 1890, on which execution issued and was levied on the land, which was sold, and after expiration of time of redemption a sheriff's deed was issued to appellee. In 1887 Francis A. Phillips conveyed the land to his son, Benjamin F. Phillips, who in 1888 conveyed the same land to appellant. Appellee alleged in his bill that the conveyances made in 1887 and in 1888 were made with intent to hinder and delay creditors, and were fraudulent. Appellant denies fraud, and files her cross-bill to remove the sheriff's deed as a cloud on her title, and on hearing the cross-bill was dismissed and a decree entered as prayed for in the original bill.

The rule that a bill to quiet title and remove cloud lies only where complainant is in possession of the land, has no application where a deed is sought to be set aside for fraud. (*Booth et ux.* v. *Wiley et al.* 102 Ill. 84.) Conveyances may be held fraudulent as to creditors on two distinct grounds: First, where entered into with a fraudulent intent; and second, where the law will infer fraud from the nature of the transaction, regardless of the

motives of the parties. (*Lawson et al.* v. *Funk*, 108 Ill. 502.)
A conveyance made with an actual fraudulent intent to
defeat, hinder and delay creditors, participated in by
both parties to the transaction, is absolutely void as to
creditors by the terms of the statute. (*Gould et al.* v.
*Steinburg*, 84 Ill. 170.) Where such fraudulent conveyance
is made with actual, intended fraud, and void under the
statute, an execution creditor may have his execution
levied on the land which is the subject of that fraudu-
lent conveyance, and, a sale being made and sheriff's deed
executed thereunder in pursuance of law, may apply to
a court of chancery and have such fraudulent conveyance
set aside as a cloud on his title, regardless of the fact
that he is not in possession, and without alleging in his
bill that by reason of the fraudulent conveyance the
debtor rendered himself insolvent, although the rule as
to the latter proposition would be different where a bill
is filed in aid of an execution, merely.

Whilst fraud is not to be presumed, yet it may be
established by inference, from facts and circumstances
proven, without requiring positive, direct proof ; and
when the conclusion necessarily results that a convey-
ance was made with such fraudulent intent to defraud,
hinder or delay creditors, it can make no difference that
with such purpose existing there were combined other
motives at the time of making it. (*Merry* v. *Bostwick*, 13
Ill. 398; *Reed et al.* v. *Noxon*, 48 id. 323.) The testimony of
the parties to the transaction that there was no fraudu-
lent intent, and the conveyances were made in good
faith, can not prevail against facts and circumstances
which satisfactorily show the conveyances were fraudu-
lent as to creditors. (*Bell* v. *Devore et al.* 96 Ill. 217.)

Appellant claims, in her answer and cross-bill, that
when the land was purchased, in 1877, she paid the greater
portion of the purchase money, and that Benjamin F.
Phillips worked for the son of the grantor in the deed of
1877 for four years, and the amount earned by him was

credited on the purchase price of the land, and appellant afterwards gave Benjamin F. a horse, of the value of $140, for which he paid $40 and appellant $100. The only separate estate which came to appellant prior to 1870 was derived by inheritance from her mother and sister, and the weight of proof shows that was derived by her about 1867, and none later than 1870. The whole of her separate estate was about $200, and she claims that when the land was purchased, in 1877, she paid $100 thereon, and subsequently paid the other sum of $100. The services of Benjamin F., for which his wages were credited on the purchase money, were rendered before he became of the age of twenty-one years, and being required to be credited by the father, Francis A., could furnish no basis for a claim in favor of appellant against her husband. The testimony of appellant, her son, daughter and husband, is, that she paid the first $100 on the land from money from her mother's estate, and she had not had it long; yet it is absolutely proven the payment to her was about 1867, and the payment by her was in 1877. Appellant denies knowledge of the fact that the grantee in the deed of 1877 was her husband until shortly prior to the execution of the deed of 1887, and that she then requested that the land should be conveyed to her. It is shown that Francis A. went to an officer and desired to make a deed to appellant before the execution of the deed to Benjamin F., and was informed it must go through the intervention of a third person, whereupon the conveyance of 1887 was made, and the contention of Benjamin F. and appellant is, that he was to hold the land until he was paid for his services, and subsequently executed the deed of 1888, and reserved a horse, on which appellant paid $100. In 1887 Francis A. received a pension, and the payment of arrears of pension amounted to $1914.40, and a house was constructed on a part of the land, which was set-off as a homestead, at a cost of about $900.

The suit on which the judgment was entered, under which the sheriff's deed was made, was commenced in 1885, and was pending at the time of the execution of the deeds of 1887 and 1888. More than ten years elapsed from the time of the payment of appellant till the execution of the deed. No note was taken, no interest demanded and no settlement sought in any manner, nor a claim of a valid indebtedness made, until the suit was pending. The land, with the house thereon, was worth about $1400, and the only payments shown to have been made by appellant were the sum of $200. Appellant, in her testimony, makes this significant statement in response to an inquiry as to the amount of money received by her from her mother: "I believe it was $200. I let Ben have some money and I let Frank have some money, and Frank paid it back when he got his pension." She in fact received only $100 from her mother's estate, and subsequently, from her sister's estate, $129.33. We think it is plain, from the evidence, that the conveyances of 1887 and 1888 were made for the purpose of placing the property beyond the reach of creditors, and was fraudulent, and the intent was participated in by all the parties to those conveyances.

It is urged that improper evidence was admitted in allowing the declarations of Francis A. to be proven after the conveyances of 1887. Declarations by a grantor are not competent against the grantee, on a bill to set aside a conveyance; but where the grantor is offered as a witness he is subject to the same rules as any other witness, and whilst his declarations may not be received to impeach the transaction, they may be received to impeach the witness, if the declarations so made are inconsistent with what the witness has stated in testifying.

From a careful examination of the evidence we find no error, and the decree is affirmed.

*Decree affirmed.*