## JACOB GLOS

*v.*

## JULIA GOODRICH.

*Opinion filed October 24, 1898.*

1. CLOUD ON TITLE—*allegations and proof must show complainant's possession or that premises were vacant.* A bill to set aside a tax deed as a cloud on title must, except in case of fraud, allege that complainant is in possession or that the property is unoccupied, and the allegation must be sustained by the proof to warrant recovery.

2. SAME—*one having no title cannot maintain bill.* One who has sold property and delivered possession thereof to the grantee cannot maintain a bill to remove a tax deed as a cloud on the title thereto, upon the refusal by the grantee to pay until the title is clear.

3. EVIDENCE—*allegation of possession not sustained by proof of possession by a squatter.* An allegation that complainant is in possession of the premises is not sustained by proof that the land was being plowed by a squatter, who was not a tenant of complainant nor in privity with her title.

4. TENDER—*actual tender not essential to equitable relief.* A bill to set aside a tax deed, which offers to pay into court any amount which may be found due, makes a sufficient averment of tender to entitle complainant to relief, and the court is not bound to find that the particular sum tendered is due, but may find according to the facts.

5. SAME—*tender must be absolute to fasten a liability for costs.* The refusal by the holder of a tax deed of a tender of the amount due, accompanied by a demand upon him to perform an act not required by law nor by any contract or trust relation between the parties, does not authorize a decree against him for costs upon the subsequent setting aside of his deed as a cloud.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

ENOCH J. PRICE, for appellant:

A bill to remove a cloud must allege, and the proofs show, that the property is vacant or that the complainant is in possession. *Hardin* v. *Jones,* 86 Ill. 313; *Wetherell* v. *Eberle,* 123 id. 666; *Gage* v. *Abbott,* 99 id. 366; *Johnson* v. *Huling,* 127 id. 14; *Glos* v. *Randolph,* 133 id. 197.

On a bill to set aside a tax deed as a cloud, the owner of the tax title is entitled to receive all money paid by him at the tax sale and subsequent taxes paid, with interest, and his costs in the proceeding, as a condition precedent to relief, unless a valid tender of the amount he is entitled to receive was made before bill filed, and kept good by payment of the money tendered into court. *Mccartney* v. *Morse,* 137 Ill. 481; *Gage* v. *Busse,* 112 id. 592; *Gage* v. *Arndt,* 121 id. 495; *Brophy* v. *Taylor,* 30 Ill. App. 261.

A tender admits the amount tendered to be due the party to whom the tender is made, and if any benefit is gained by reason of it, the whole amount tendered must be paid. *Monroe* v. *Chaldeck,* 78 Ill. 429; *Cilley* v. *Hawkins,* 48 id. 308; *Sweetland* v. *Tuthill,* 54 id. 215.

JAMES M. CLEAVER, for appellee:

A court of equity has jurisdiction to remove a cloud upon personal property. Bispham's Eq. (4th ed.) sec. 570.

An equitable interest is sufficient to give complainant a right to relief. *Hemstead* v. *Burdick,* 90 Ill. 444.

Land is the subject of property—not property. *Rigney* v. *Chicago,* 102 Ill. 64; 3 Bentham's Works, (Edinb. 1843,) 221.

No tender is necessary where a creditor advises the debtor that he will not accept what is due him. *Gorham* v. *Farson,* 119 Ill. 425; *Lyman* v. *Gedney,* 114 id. 388; *Bucklen* v. *Hasterlik,* 155 id. 433.

In chancery a party is not required to keep a tender good by bringing the same into court, but must offer to pay the taxes, costs and interest in his bill. *Gage* v. *Arndt,* 121 Ill. 495.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee filed a bill in chancery to set aside appellant's tax deed to the east one-hundredth part of lots 25 to 32 inclusive, and 42 to 45 inclusive, of block 1 in Lingle & Darlow's subdivision of blocks 11 and 12 in Hunter's subdivision of the north-west quarter of section 31, township 38, north, range 13, east of the third principal meridian, in Cook county. She alleged that she was the owner and in possession of lots 25 to 32 inclusive, and that she was formerly the owner of lots 46, 47 and 48, but prior to the filing of the bill conveyed them to the Baltimore and Ohio Connecting Railroad Company by warranty deed, and averred said company was in possession and refused to complete payment for the said three lots until Glos' tax title was set aside. Appellant appeared and answered, denying the possession of the said property being in appellee, and set up his tax deed. On hearing the court granted the prayer of the bill and set aside the tax deed as to the lots named, except lots 46, 47 and 48, and awarded costs to the complainant. Appellant brings the record to this court, alleging as error there was no sufficient evidence of possession of the land in question, and that there was no valid tender of the proper amount which appellant was entitled to, on his tax deed being set aside. Appellee assigned a cross-error in dismissing her bill as to lots 46, 47 and 48.

The allegation of the bill is that the complainant is the owner in fee simple and in possession of certain lots, naming them. A bill to remove cloud from title must allege that the complainant is in possession or that the property is vacant. (*Wetherell* v. *Eberle,* 123 Ill. 666; *Gage* v. *Abbott,* 99 id. 366.) This allegation is material, and the proof must show that the real estate is vacant and unoccupied or in the possession of the complainant, except where it is sought to set aside a deed for fraud. (*Phillips*

v. *Kesterson*, 154 Ill. 572; *Glos* v. *Randolph*, 133 id. 197; *John-son* v. *Huling*, 127 id. 14; *Hardin* v. *Jones*, 86 id. 313.) The evidence shows this land, anterior to the time it came to the complainant, was being plowed by one who was a mere squatter, and between whom and the complainant there was no relation of landlord and tenant, neither had there been with any one in privity with her title. According to his testimony this squatter was then in possession thereof. Complainant's agent never gave him any authority to enter into possession of the property and did not know he was in possession. This is the only evidence that refers to the property, and it shows a possession in the squatter without his being a tenant of complainant or privy to her title. The averment of the bill as to complainant's possession was not sustained by this proof, nor did it show the land was unoccupied.

Appellant insists that on a bill to set aside a tax deed he is entitled to receive all money paid by him at the tax sale, subsequent taxes paid, with interest at six per cent, and his costs in the proceeding, as a condition precedent to relief, unless a valid tender of the amount was made before bill filed and kept good by payment of the money tendered into court. A court of equity is not bound by any rule requiring the complainant to bring money into court in a case in which he may by a decree be required to pay money, before a decree will be entered by the court. The money may be ordered into court at any time when the rights of the defendant require it, and the failure to produce it in court at the time of filing the bill, and constantly having it there, cannot be permitted to defeat the ends of justice and prevent the rendition of a decree. (*Webster* v. *French*, 11 Ill. 254; *Anderson* v. *White*, 27 id. 57; *Livingston County* v. *Henneberry*, 41 id. 179; *Dwen* v. *Blake*, 44 id. 135.) A bill, under the practice in chancery, may be sufficient by offering to bring the money into court and abide by the order of the court as to its payment. As a basis of equitable relief an actual tender and

the bringing of money into court and depositing the same subject to the order of the court, or an averment made in the bill of a readiness and willingness to bring the money into court and pay the same on the order of the court, must be shown to authorize relief such as is asked in this bill. (*Gage* v. *Arndt,* 121 Ill. 491.) The appellee in this case offers to pay any amount found due, and this is sufficient as an averment of tender in that regard.

Before one holding a tax deed can have a decree against him for costs he must be placed in the position of having refused to do equity. The evidence shows that the attorney for the complainant called upon Jacob Glos and offered to pay him the amount of money paid by him for tax certificates, together with costs and interest thereon, and demanded a quit-claim deed from appellant for the interest acquired by him, and offered to pay him $30. Appellant declined to receive the money or execute the quit-claim. A valid tender is an offer to deliver something, made in pursuance to some contract or obligation, under such circumstances as to require no further act from the party making it to complete the transfer. No condition can be attached to its acceptance except in conformity with some contract between the parties, or in conformity with some duty arising out of a trust relation between them, or in conformity with a reciprocal duty enjoined by law upon the person to whom the tender is made. There is no averment in the bill of any contract or trust relation or equitable ground which would require appellant to convey his title to appellee, and a condition requiring appellant to so make a conveyance renders the tender insufficient. Costs should not have been adjudged against the appellant. (*Gage* v. *Busse,* 102 Ill. 592; *Gage* v. *Arndt, supra; Reed* v. *Reber,* 62 Ill. 240; *Barnett* v. *Cline,* 60 id. 205; *Gage* v. *Goudy,* 141 id. 215.) The tender made by the complainant was coupled with a condition of its acceptance which she had no right to impose, and the refusal of its acceptance by the appellant did not place

him in a position that a judgment for costs could be entered againt him in the circuit court. The averment of being ready and willing to pay whatever amount should be decreed to the defendant was sufficient as a tender to authorize relief to be granted to the complainant, if the facts were such that she was entitled to a decree.

The objection that the sum of $30 was tendered and the decree only required the payment of $25.50 cannot be held well taken, because in a chancery proceeding the offer to bring the money into court and abide by the order of the court as to its payment is a sufficient tender, and being incorporated in the bill, the court may find the actual amount due and require that sum to be paid, and is not required to find a greater amount due than actually exists because a tender for such greater sum had theretofore been made.

Appellee assigns as a cross-error the dismissal of her bill for relief as to lots 46, 47 and 48, which she had sold to the Baltimore and Ohio Connecting Railroad Company, which was made a defendant. One having no title to land cannot contest a cloud upon the title created by an encumbrance or an adverse title. (*Hopkins* v. *Granger*, 52 Ill. 504; *West* v. *Schnebly*, 54 id. 523; *Hutchinson* v. *Howe*, 100 id. 11.) A bill to set aside a cloud on title is a proceeding in equity, and one who holds an equitable fee will be treated as the owner, and such equitable title will support the allegation of ownership of the title. (*Hemstreet* v. *Burdick*, 90 Ill. 444; *Hibernian Banking Ass.* v. *Commercial Nat. Bank*, 157 id. 576.) The averment in this bill shows an actual sale by the appellee and delivery of possession to her grantee, who is alleged to be in possession. She has no interest, legal or equitable. Under the averments of this bill the cross-error cannot be sustained.

The decree of the circuit court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*