JACOB GLOS

*v.*

JOHN G. ARCHER.

*Opinion filed February 21, 1905.*

1. CLOUD ON TITLE—*burden of proving allegation of possession is on complainant.* The burden of proving an allegation in a bill to remove a cloud from title that the complainant was in possession of the lots at the time the bill was filed is on the complainant, and such proof is essential to the granting of the relief prayed.

2. SAME—*what evidence does not show possession.* An allegation of possession of the premises by the complainant at the time the bill to remove a cloud was filed is not sustained by proof that shortly before the bill was filed complainant's agent leased the lots, which were unfenced, unimproved and open, and that after the bill was filed the lessee cut some brush on the lots and let his chickens run there, there being no proof of any act of possession at the time the bill was filed.

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

This is a bill, filed by the appellee on December 9, 1903, in the Superior Court of Cook county to set aside a tax deed upon lots 7 and 8 in block 7 in Browne & Culver's addition

to North Evanston, executed to the appellant, Jacob Glos, on June 27, 1903. Answers were filed to the bill by the two defendants below, Jacob Glos and Emma J. Glos, to which replications were filed. Testimony, oral and documentary, was introduced, and, upon the hearing of the cause, a decree was entered substantially in accordance with the prayer of the bill, finding that appellee is the owner in fee simple and in the actual and exclusive possession of said lots, and also finding that the tax deed is null and void and a cloud upon the title, and decreeing that the same be removed and set aside as such cloud, upon the payment of $30.72 to Jacob Glos, and the sum of $3.00 to Emma J. Glos, etc.

The present appeal is prosecuted from the decree so rendered by the Superior Court of Cook county.

JOHN R. O'CONNOR, for appellant.

FRANKLIN E. VAUGHAN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The bill in this case avers that appellee, Archer, the complainant below, "is the owner in fee simple absolute and is now in actual possession of" the lots above described. This allegation as to ownership and possession is denied in the answers both of Jacob Glos and Emma J. Glos. This court has often decided that, in a bill to remove a cloud from title, the complainant must allege either that he is in possession of the property, or that the property is vacant and unoccupied. (*Glos* v. *Goodrich,* 175 Ill. 20; *Glos* v. *Huey,* 181 id. 149). Here, the allegation is that the appellee, or complainant below, is in possession of the lots. This allegation is material, and the proof must show that the lots were in possession of appellee at the time of the filing of the bill on December 9, 1903. "The possession must exist at the time of the filing of the bill, or the premises must be vacant or un-

occupied at the time of the filing of the bill. If the jurisdiction of the court is based upon the fact, that, at the time of the filing of the bill, the complainant is in possession of the property, the bill must allege such possession, and the complainant must prove it. The fact of such possession must be proven as alleged, and the burden of proving it is upon the complainant in the bill." (*Glos* v. *Kemp,* 192 Ill. 72; *Glos* v. *Beckman,* 183 id. 158; *Glos* v. *O'Toole,* 173 id. 366; *Glos* v. *Randolph,* 133 id. 197; *Glos* v. *Goodrich, supra*).

In the case at bar, the allegation in the bill, that the appellee, or complainant below, was in possession of the property at the time of the filing of the bill, is not established by the proof introduced. The appellee, Archer, lives in Seattle in the State of Washington. Franklin E. Vaughan, as his attorney in fact, on December 5, 1903, four days before the filing of the bill, executed a lease to one Hans S. Nelson of the two lots in question, leasing them for the period from December 5, 1903, to November 30, 1904. Nelson lived on lots 11, 12, 13 and 14 in said block 7. Lots 7 and 8 are each twenty-five feet wide. Between them and the lots, on which Nelson lives, is an alley. There is no fence around lots 7 and 8, and there are no improvements of any kind upon them, nor were there any such fence or improvements thereon at the time of filing the bill on December 9, 1903. The lots on either side of lots 7 and 8 are not fenced. The lots are bounded on the north by a vacant lot, on the south by an alley, on the east by an avenue, called Riese avenue, and on the west by the prairie. Nelson testifies that he rented the lots in order to have his chickens run on the same. Nothing was done in the way of taking possession of the lots prior to December 9 when the bill was filed, but some time in the summer thereafter in the year 1904 Nelson cut down a few bushes on one of the lots, and burned the same, and cleared off a space about ten feet square. This clearing off, however, was done months after the bill was filed. At the time of the filing of the bill no act of possession, or looking towards

possession, was done by the appellee except the mere execution and delivery of the lease to Nelson. Nothing was done under the lease or in pursuance of it until long after the filing of the bill. It is thus clear that, at the time of the filing of the bill, the appellee was not in possession of the property. The mere execution of a lease without any. acts of possession done under it does not constitute possession. In order to constitute actual possession there must be such an appropriation of the land to the individual, as will apprise the community in its vicinity that the land is in the exclusive use and enjoyment of such person. (*Morrison* v. *Kelly,* 22 Ill. 609). The possession must be so open, visible, notorious and exclusive, as to be calculated, in its very nature, to inform persons in the vicinity, and those seeing the property, that some person had appropriated it and was using and occupying it as his own. (*Truesdale* v. *Ford,* 37 Ill. 210).

Neither the fact that the chickens of Nelson, the tenant, ran over the block, in which these lots were located, in the spring and summer of 1904, nor the fact that, when he took his lease, he intended to construct a fence around the lots, or to make a garden thereon, nor the fact that, in the summer of 1904, he cleared, by cutting off the brush thereon, a space ten feet square, apprised the community that appellee was in possession of the ground on December 9, 1903.

In view of the failure of the proof introduced by the appellee to establish his possession of the property at the time of the filing of the bill, the decree of the trial court was wrong, and must be reversed.

Accordingly, the decree of the Superior Court of Cook county is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed. *Reversed and remanded.*