Mary E. Plumsted, Appellee, vs. Jacob Glos, Appellant.

*Opinion filed April 23, 1914.*

1. Tax deeds—*what does not show that holder of tax deed was in possession.* The fact that the holder of a tax deed to a lot, in response to a notice from the thistle commissioner, sent out men for several years to cut thistles on such lot and others does not show that he was in possession of the lot or that it was not vacant.

2. Same—*tender must be unconditional to impose liability for costs.* Tender to the holder of a tax deed must be unconditional in order to impose a liability for costs in a proceeding to set aside such deed as a cloud on title, and if the tender is accompanied by a demand that the holder of the tax deed execute a quit-claim deed it is not sufficient.

3. Same—*when second tender is not sufficient.* If the tender made to the holder of a tax deed before the filing of a bill to set aside the deed as a cloud is not sufficient to fix a liability for costs, a second tender, made on the trial, which does not include the costs or interest accrued since the first tender, is insufficient.

Appeal from the Circuit Court of DuPage county; the Hon. Duane J. Carnes, Judge, presiding.

Alben F. Bates, for appellant.

Charles W. Hadley, (John W. Leedle, of counsel,) for appellee.

Mr. Justice Dunn delivered the opinion of the court:

The appellee filed her bill alleging that she was the owner of lot 1 in block 6 and lot 2 in block 28, in Glen Ellyn addition to Glen Ellyn, DuPage county, Illinois, and that the appellant was the holder of a tax deed for each of said lots, which deeds purported to convey the premises as lot 1 in block 6 and lot 2 in block 28, in Glen Ellyn addition to Prospect Park, DuPage county, Illinois,—the premises, by whichever description known, being the same. The prayer of the bill was that the deeds might be set aside as a cloud upon her title for various defects, which were set

out in the bill. The bill was amended so as to show that the premises were vacant. An answer was filed, and upon a hearing a decree was rendered in accordance with the prayer of the bill at the costs of the defendant, and he has appealed.

The reasons urged for reversal are, that the appellee did not prove that she was the owner of the premises or that the premises were vacant, and that the costs were erroneously adjudged against the appellant.

The appellant devotes a part of his argument to the insufficiency of the allegations of the bill and of the evidence to sustain a decree for the reformation of the appellee's deeds, but such argument is beside the case, since the appellee did not seek a reformation of her deeds. The conveyances to her were dated September 30, 1896, and described the lots conveyed as situated in the village of Glen Ellyn, county of DuPage and State of Illinois, and known and described as lot 1 in block 6 and lot 2 in block 28, in Glen Ellyn addition to Glen Ellyn. The record shows that the village of Glen Ellyn mentioned in the deed was originally known as Prospect Park, and a plat introduced in evidence shows that Glen Ellyn addition to Prospect Park was laid out and the plat thereof filed for record on June 11, 1890. There was evidence tending to show that the Glen Ellyn addition was sometimes spoken of as Glen Ellyn addition to Glen Ellyn and sometimes as Glen Ellyn addition to Prospect Park, and that there was no addition known as Glen Ellyn addition to Glen Ellyn other than Glen Ellyn addition to Prospect Park. Glen Ellyn addition to Prospect Park was laid out by Seth Riford and Albert E. G. Goodridge. The title to the lots in question was shown in Albert E. G. Goodridge, who conveyed to the appellee. Receipts were introduced in evidence for taxes paid to the county collector and for special assessments paid to the village collector on lot 1 in block 6 and lot 2 in block 28, which sometimes read in "Glen Ellyn addition," sometimes

"Glen Ellyn addition to Prospect Park," sometimes "Glen Ellyn addition, Glen Ellyn," and sometimes "Glen Ellyn addition to Glen Ellyn." The evidence established the appellee's ownership of the property.

The lots were vacant. There is evidence tending to show that they were and none to the contrary. The testimony that in response to a notice from the thistle commissioner the appellant for several years sent out men and caused the thistles to be cut on these lots and others to which he had tax deeds does not show that he was in possession of the lots or that they were not vacant.

The tender was not sufficient to justify charging the appellant with the costs. Before the bill was filed the appellee's husband, in company with her attorney, called upon the appellant and tendered him $22, saying that he came for the purpose of offering the appellant money and getting a deed for certain premises that he had a tax deed of in Glen Ellyn. Mr. Plumsted then read to the appellant, and handed to him, the following written statement, which was addressed to the appellant and signed by the appellee:

"I hereby tender to you the sum of twenty-two and no/100 ($22.00) dollars, the same being in full of all moneys paid by you for taxes and special assessments, interest accrued, costs and expenses, on the following described premises, to-wit: Lot two (2) in block twenty-eight (28) in Glen Ellyn addition to Prospect Park, DuPage county, Illinois; and I hereby request of you to make, execute and deliver to Mary E. Plumsted, the undersigned and owner of said above mentioned premises, and who was the owner on June 17, A. D. 1907, a good and sufficient quit-claim deed to the above mentioned premises."

A like tender of $62 was made as to the other lot, and these tenders were kept good. They were insufficient, however, because not unconditional. Any condition attached to a tender in a case of this character will prevent its refusal from imposing a liability for costs. (*Glos* v. *Goodrich,* 175 Ill. 20; *Stearns* v. *Glos,* 235 id. 290.) Here the purpose of the visit was stated to be to pay the money and get a deed, and the tender mentioned in the writing cannot be

separated from the request, at the same time, for a deed. The answer denied all the material allegations of the bill, and the appellee was therefore required to prove a valid tender. A second tender of the same amount made during the trial was also insufficient, because neither the costs accrued nor interest from the time of the former tender was included.

The decree is reversed as to the costs and the cause remanded, with directions to decree the costs against the appellee. In all other respects the decree is affirmed. The appellee will pay the costs in this court.

*Reversed in part and remanded.*